THOMAS G. LANSDEN *et al.*, Appellants, *v.* JOHN MCCARTHY, Respondent.

1. *Contract — Assignment — Inducement — Trust and confidence.* — Where a contract may have been founded in personal trust and confidence, the assignee thereof can not recover upon it without the consent of the party contracting with his assignor, to the assignment.

*Appeal from St. Louis Circuit Court.*

*Rankin & Hayden*, for appellants.

The contract was assignable. (North v. Turner, 9 Serg. & Rawle, 248; More v. Mazzini, 32 Cal. 92; Hay v. Smith, 49 Barb. 360; Merrill v. Grinnell, 30 N. Y. 594; Jorden v. Gillen, 44 N. H. 424.)

*J. F. Conroy*, for respondent.

I. The contract was executory, and could not legally be assigned to appellants. (Robson & Sharpe v. Drummond, 2 Barn. & Adol. 303; Leahey v. Dugdale's Adm'r, 27 Mo. 439.)

II. The contract was personal in its character, and, as such, could not be assigned to appellants without the consent of respondent. (Robson *et al.* v. Drummond, *supra.*)

CURRIER, Judge, delivered the opinion of the court.

The question here arises upon a demurrer to the petition. The petition shows substantially that the defendant, on the 31st of May, 1864, entered into a written contract with Bedard & Knickerbocker, the plaintiffs' assignors, by which he agreed to furnish to them, at the St. Charles Hotel, in Cairo, Illinois, all the fresh beef, pork, and mutton that might be ordered and required by said Bedard & Knickerbocker or their agents, for the use and consumption of said hotel, for the year then next ensuing, at ten cents per pound; Bedard & Knickerbocker on their part agreeing to pay for the meat so furnished promptly at the end of each successive month during the continuance of said contract.

The petition further shows that the plaintiffs became the proprietors of said hotel on the first of January, 1865, and took an assignment of said meat contract; and that the same was assigned and turned over to them for value, the defendant being notified thereof, and required to continue his deliveries of meat to the plaintiffs, as he had previously done to the plaintiffs' assignors, which the defendant refused to do, although the plaintiffs were willing to assume and perform all the stipulations of said contract obligatory upon their assignors.

The point taken by the demurrer is that the contract sued on was not assignable without the consent and concurrence of the defendant. The plaintiffs' counsel admit the proposition that where an executory contract is founded upon trust and confidence reposed in the character and skill of a particular person, as where an author contracts to write a book, or an artist contracts to paint a picture, the contract is not assignable by the party in whom such trust and confidence is reposed. The principle involved in this concession is fatal to the plaintiffs' case; for the defendant's estimate of the solvency and pecuniary credit and standing of the plaintiffs' assignors may have constituted an important inducement to the contract, without which he never would have entered into it. There was a credit given. The meat was not to be paid for on delivery, but at the end of the successive months, involving credit to an indefinite amount. The amount of meat to be furnished during any given month was not optional with the defendant, but was to be determined by the hotel proprietors, in view of the wants and convenience of the hotel. The contract imposed no obligation upon the defendant to accept as his debtors any other parties than those with whom he contracted. Nor was he under any obligation to experiment for a month, and determine at the end of it whether he would go on with the contract, according as he should or should not succeed in securing prompt payment. He was willing to give Bedard & Knickerbocker credit; but it does not thence follow that he was willing to give credit to the plaintiffs, even for a month or any part of it. Whether or not he would do so, was a question for him alone to determine. He could not be forced into it against

his will, by an assignment of the contract, without his consent.

Robson v. Drummond, 2 Barn. & Adol. 303, is analogous to the case at bar. In that case one Sharpe, a coachmaker, contracted to furnish the defendant a carriage for the term of five years at a given price per year, payable in advance. At the end of three years Sharpe assigned his contract to his secret partner, Robson, the partnership being unknown to the defendant. The defendant refused to continue the contract with Robson. An action was brought in the name of Robson & Sharpe to recover the stipulated price for the last two years of the term, and it was held that the action could not be sustained. On the decision of the case, Littledale, J., said: "I am disposed to think there was no objection to Robson & Sharpe suing on a contract made by Sharpe only, on behalf of himself and partner; but as to the other point, I think this contract was personal, and that Sharpe having gone out of the business, it was competent for the defendant to consider the agreement at an end. He may have been induced to enter into the contract by reason of the confidence he reposed in Sharpe." In the same case Lord Tenterden, C. J., observed: "Now the defendant may have been induced to enter into this contract by reason of the personal confidence which he reposed in Sharpe, and, therefore, have agreed to pay money in advance."

Precisely the same point arises in the case now under consideration. The defendant may have been willing to deliver his meats in advance of payment, by reason of the confidence he reposed in the credit and solvency of the parties with whom he originally contracted. The readiness and offer of the plaintiffs to pledge themselves to a faithful performance of the stipulations of the contract, obligatory upon their assignors, is not to the purpose. It does not meet the exigency of the case. The question presented was one of personal trust and confidence, which it was the right of the defendant to decide for himself.

The judgment of the Circuit Court sustaining the demurrer is affirmed. The other judges concur.