JOHN G. CAMPBELL AND CHARLES HOOD, *as Partners, etc.*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF SUMNER.

**No. 12,293.**   (67 Pac. 866.)

SYLLABUS BY THE COURT.

COUNTY PRINTING—*Assignment of Contract.* A contract to do the printing for a county is not assignable without the assent of the board of county commissioners.

Error from Sumner district court; W. T. McBRIDE, judge. Opinion filed February 8, 1902. Affirmed.

*J. S. Dey*, and *C. E. Elliott*, for plaintiffs in error.

*J. M. Ready*, county attorney, *W. M. Ready*, and *James Lawrence*, for defendant in error.

The opinion of the court was delivered by

DOSTER, C. J. : This case relates to the assignability of a contract to do county printing. The board of county commissioners of Sumner county made a contract with Mrs. Carrie Herring to do the printing for that county for one year. She performed the work for a portion of the time, but finally assigned the contract to one Thomas George, who, in turn, assigned it to John G. Campbell and Charles Hood, as partners. The board of commissioners refused to recognize the assignment, and refused to furnish any printing work to the assignees, but, instead, made a new contract with another person, and thereafter furnished the work to him. Campbell and Hood sued, principally for damages for violation of the assigned contract. The relief in damages was denied, but a judgment in debt for an amount earned on the contract before its assignment and remaining unpaid was awarded. The plaintiffs have prosecuted error.

The claim of error is not well taken. The law is that executory contracts the making of which have been influenced by considerations of special trust and confidence reposed, or skill and ability possessed, are not assignable—this, for the obvious reason that it is the personal characteristics of talent, capacity, fidelity, etc., that have been contracted for, and not alone the ordinary, formal, mechanical execution of the work. The rule of non-assignability of such contracts is well established, and has been well stated by the supreme court of the United States in *Arkansas Smelting Co. v. Belden Co.*, 127 U. S. 379, 8 Sup. Ct. 1308, 32 L. Ed. 246. That was a case in which it appeared that a mining company had contracted to sell and deliver lead ore from time to time to a smelting company, the property in the ore to pass to the purchasers on delivery, and to be paid for at prices determinable by subsequent assays discovering its constituents and qualities. It was held that the contract could not be assigned by the smelting company to a stranger without the assent of the mining company. The principal reason for this holding was the credit extended under the contract by the mining company to the smelting company intermediate the delivery of the ore to the latter and the future ascertainment and payment of the price. Among other things the court said :

"At the present day, no doubt, an agreement to pay money, or to deliver goods, may be assigned by the person to whom the money is to be paid or the goods are to be delivered, if there is nothing in the terms of the contract, whether by requiring something to be afterwards done by him, or by some other stipulation, which manifests the intention of the parties that it shall not be assignable.

"But every one has a right to select and determine with whom he will contract, and cannot have another

person thrust upon him without his consent.   In the familiar phrase of Lord Denman, 'You have a right to the benefit you anticipate from the character, credit and substance of the party with whom you contract.' *Humble v. Hunter*, 12 Q. B. 310, 317; *Winchester v. Howard*, 97 Mass. 303, 305, 93 Am. Dec. 93; *Boston Ice Co. v. Potter*, 123 id. 28, 25 Am. Rep: 9; *King v. Batterson*, 13 R. I. 117, 120, 43 Am. Rep. 13; *Lansden v. McCarthy*, 45 Mo. 106.  The rule upon this subject, as applicable to the case at bar, is well expressed in a recent English treatise : 'Rights arising out of contracts cannot be transferred if they are coupled with liabilities, or if they involve a relation of personal confidence such that the party whose agreement conferred those rights must have intended them to be exercised only by him in whom he actually confided.'   Pollock on Contracts (4th ed.) 425.''

The rule has been illustrated and applied in many cases besides those cited in the quotation made.

Now, the case in hand is not of the particular class of the one above noted, where commercial credit was extended and a special confidence in honesty and fair dealing was reposed, but it rather belongs to another class, in which the determining consideration in the mind of one party is a belief in the capabilities and artistic skill of the other—that, in part, at least. However, the rule is the same in both classes of cases.

Printing is an art—it is more than a mere mechanical pursuit.  Given the requisite type and other appliances, some who practice it can make a printed page as pleasing to the artistic sense as a picture, while others with the same advantages can produce nothing that is not grievous to the judgment, eye, and taste.   We must presume that when the board of commissioners contracted with Mrs. Herring to do the county printing they did it with a view to her superior qualifications as a printer, and the superior

advantages for the neat, accurate and prompt execution of printing work which her office possessed, or she was able to command.   In such respect, then, the case may be likened to those illustrations used in the books ; of a coachmaker engaged in making a carriage, an artist to paint a portrait, or an author to write a book.   In all such cases it was the personal skill, capacity, fidelity or learning of the one party for which the other contracted, and, hence, the contract could not be assigned by the former without the assent of the latter.

There is a decision apparently opposed to the application of the rule in question to a public-printing contract.   It is *Carter v. State*, 8 S. Dak. 153, 65 N. W. 422. In that case it was held that a contract with the state to do certain kinds of printing, which did not contain a contrary stipulation, might be assigned.   The principal ground of the holding seems to have been that the state retained the obligation of the original contractor, secured by bond with sureties, for the due performance of the work.   Such reasoning overlooks the fact that a suit on the contractor's bond after the mischief had occurred is no fair substitute for the non-occurrence of the mischief.   The decision does not commend itself to us.

The judgment of the court below is affirmed.

SMITH, POLLOCK, JJ., concurring.