WALTER L. PARKER, A. H. TURNER, B. W. WATERS, EDWARD J. DEVANE AND THOMAS L. HACKNEY, CONSTITUTING THE BOARD OF COUNTY COMMISSIONERS OF HILLSBOROUGH COUNTY, AND JOHN S. McFALL, TAX COLLECTOR OF HILLSBOROUGH COUNTY, FLORIDA, *Appellants,* v. THE EVENING NEWS PUBLISHING COMPANY, A CORPORATION, *Appellee.*

1. The powers and duties of county commissioners are, under the constitution, purely statutory.

2. The statute requires the publication of the delinquent tax list in a newspaper, "said newspaper to be selected by the board of county commissioners." The county commissioners are not required by the statute to make a contract for the printing and the mere selection of a newspaper to do the printing does not bind the county commissioners or the newspaper in the absence of a statute so providing. There is no vested right in the mere selection of a newspaper under the statute to print the delinquent tax list.

3. The selection by the county commissioners under the statute of a newspaper to print the delinquent tax list implies the

exercise of a discretion based upon considerations of qualification, fitness, &c., for the work and it is not of itself a contract assignable at pleasure.

4. An allegation that the newspaper selected or designated under the statute by the county commissioners "has gone to great expense in equipping itself for the services to be performed under said contract and designation" is not under the facts of the case a sufficient showing that the owners of the newspaper so selected were misled and suffered pecuniary disadvantage by the subsequent designation of another newspaper to print the delinquent tax list.

5. The power given by the statute to the county commissioners to designate a newspaper to print the delinquent tax list implies discretion, and includes the power to reconsider and to redesignate, when private rights are not directly injured, if the interests of the public require it; and the action of such officers is presumed to be in good faith for the public good.

This case was decided by the court *En Banc.*

Appeal from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*Sparkman & Carter* and *D. C. McMullen,* for appellants;

*C. C. Whitaker* and *F. M. Simonton,* for appellee.

WHITFIELD, J.—On June 11th, 1907, The Evening News Publishing Company, a corporation, filed a bill of complaint in equity in the circuit court for Hillsborough county against the county commissioners and tax collector of Hillsborough county in which it is alleged that on January 8th, 1907, the county commissioners of Hills-

borough county adopted a resolution awarding the print-
ing of the delinquent tax list for Hillsborough county
for the year 1907, and all other legal printing that comes
under the jurisdiction of the board of county commis-
sioners for the year 1907, to the Evening News of
Tampa; that said contract was duly accepted and ap-
proved by the said Evening News, and was an existing
and binding contract between the county commissioners
and said Evening News, and was a part of the assets
and good will of the said Evening News; that on Jan-
uary 24th, 1907, W. F. Stovall, by mesne conveyances,
became the owner of all the property, assets and good
will of the said Evening News, and did then and there
become seized and vested with all the rights, title, priv-
ileges and immunities of the said Evening News, its
contracts and assets of every kind and nature whatso-
ever, including the aforesaid contract between the county
commissioners and the said Evening News; that on
February 6th, 1907, at the regular February meeting
the board of county commissioners passed a motion to
reconsider the letting of the public printing which was
in violation of the aforesaid contract for the public print-
ing to be given to the Evening News; that said resolu-
tion was passed without authority of law in so far as
the printing of the delinquent tax list for the year 1906,
for the reason that the board of county commissioners
had already selected the Evening News as the newspaper
in which to publish same; that afterwards the Evening
News Publishing Company, a corporation, became seized
and possessed of all the rights, title and interest of the
said W. F. Stovall in and to the property, assets, good
will, privileges and immunities of the said Evening
News, and complainant then and there became seized
and possessed, as part of the assets, good will, privileges
and immunities as aforesaid, of the aforesaid contract

VOL. 54, JUNE TERM, 1907.          547

Parker et al. v. Evening News Publishing Co.—Opinion of Court.

and designation by the county commissioners of the
newspaper in which to publish all the public printing
for 1907, coming under their jurisdiction, and the de-
linquent tax list for 1906, and now has the right to do
all the public printing coming within the jurisdiction of
said county commissioners, and to receive therefor the
legal rate of publication of said legal printing, and has
the right to have delivered to it the delinquent tax list
for the year 1906, and to publish the same and receive
pay therefor at the legal rate as provided by law; that
complainant having a contract as aforesaid to do said
printing, and having the contract and being designated as
the newspaper in which to publish the delinquent tax
list for the year 1906, it has gone to a great expense in
equipping itself for the services to be performed under
said contract and designation, and that it has been at
all times ready and willing to receive and publish as
aforesaid: that at the regular meeting in May, 1907, the
county commissioners, in violation of complainant's
rights and without warrant of law passed a resolution
designating the Tampa Times as the newspaper in which
shall be published all advertisements over which the
board had control, including delinquent tax sale adver-
tisements; that said resolution in so far as it attempts
to affect the rights of complainant to such printing is
null and void because of the existing contract with com-
plainant; that the county commissioners having desig-
nated and selected complainant to publish as aforesaid
had no authority, right or warrant of law to designate
or select any other newspaper for such publication; that
being so designated and having said right to publish
will give complainant's newspaper a prestige in the
county, and so increase its circulation and make its ad-
vertising and other business more profitable; that the
county commissioners have refused and are refusing

to carry out said contract; that the tax collector is threatening to give the tax list of delinquent taxes for the year 1906 to the Tampa Times, etc. The prayer is that a binding contract be decreed to exist with complainant for the legal printing and for injunctional relief, etc. A temporary injunction was granted and an appeal was taken by the defendants who assign as error the granting of the temporary injunction.

The powers and duties of county commissioners are purely statutory. Section 5, Art. 8, Constitution as amended; Board of Commissioners of Escambia County v. Board of Pilot Commissioners of Port of Pensacola, 52 Fla. 197, 42 South. Rep. 697.

Section 558 of the General Statutes of Florida providing for advertising and selling real estate for unpaid taxes requires the publication of the delinquent tax list in a newspaper, "said newspaper to be selected by the board of county commissioners." The rates to be paid and the method of payment are fixed by law.

The county commissioners are not required to make a contract for the public printing but only to select the newspaper in which the delinquent tax list is to be published. The mere selection of a newspaper to do public printing does not bind the newspaper to do the printing nor does the mere selection bind the county commissioners unless so provided by statute. There can be no such thing as a vested right in a mere selection or designation to do the public printing under the statute above quoted.

There is no allegation of an express contract other than the resolution designating the Evening News as the newspaper to do the legal printing. Such a selection or designation by the county commissioners implies the exercise of a discretion based upon considerations of qualification, fitness, etc., for the work and is not of it-

VOL. 54, JUNE TERM, 1907.        549

Parker et al. v. Evening News Publishing Co.—Opinion of Court.

self a contract assignable at pleasure by the one designated or selected. See Campbell v. Board of Com'rs of Sumner County, 64 Kan. 376, 67 Pac. Rep. 866.

It is alleged that because of the designation of the Evening News the complainant "has gone to great expense in equipping itself for the services to be performed under said contract and designation." But it is also alleged that the original designation was made January 8, 1907, and that on January 24, 1907, the assets and good will and all rights, title, privileges and immunities of the Evening News passed to Stovall; that on February 6, 1907, the county commissioners reconsidered the designation of the Evening News; and that afterwards the complainant acquired the Evening News. Thus it appears that in sixteen days after the designation the Evening News passed to an individual, and thirteen days thereafter the county commissioners at a regular monthly meeting reconsidered the designation of the Evening News. Under these circumstances it does not appear that the Evening News was misled to its pecuniary disadvantage. It is not stated when the complainant became the owner of the Evening News property except that it was after the designation was reconsidered; nor does it appear in what manner or to what extent complainant has provided equipment and has been injured by the reconsideration of the designation of the Evening News, even if the complainant could complain of it here.

The power given to the county commissioners by the statute to designate implies discretion, and includes the power to reconsider and to re-designate, when private rights are not directly injured, if the interests of the public require it; and the action of such officers is presumed to be in good faith for the public good.

It appears from the bill of complaint that the Tampa

Times is claiming some rights in the premises antagonistic to the complainant and it has not been made a party to the suit.

Upon the showing here the temporary injunction was erroneously granted.

The order appealed from is reversed.

All concur, except SHACKLEFORD, C. J., providentially absent.