## DEMAREST v. DUNTON LUMBER CO.

(Circuit Court of Appeals, Second Circuit. April 14, 1908.)

No. 179.

**1. ASSIGNMENTS—PERSONAL CONTRACT—ASSIGNABILITY.**

A contract by which defendant lumber company sold to K. & Co. its entire cut of white pine lumber for 1901, except so much as it should need for its retail trade in a certain city, agreeing to retain only an average grade for the same, payment to be made within 10 days from date of invoice, and K. & Co. to take some lumber shorter than 12 feet and some longer than 16 feet, involved matters of personal confidence between defendant and K. & Co., and therefore was not assignable, under the rule that a contract personal in its nature cannot be assigned by one party without the consent of the other.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 4, Assignments, §§ 28–31.]

**2. SAME—CONSENT TO ASSIGNMENT—EVIDENCE.**

Evidence *held* insufficient to establish the ratification by the seller of an assignment of a contract for the sale of lumber.

In Error to the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 151 Fed. 508.

McKelvay & Mattocks (John J. McKelvay, of counsel), for plaintiff in error.

Rounds, Hatch, Dillingham & Debevoise (Ralph S. Rounds, of counsel), for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. The plaintiff sues as assignee of a contract dated December 11, 1900, between W. E. Kelley & Co. and the Dunton Lumber Company, and complains that the defendant has failed and refused to deliver to him lumber covered by the contract. Under the contract the lumber company sold to Kelly & Co. the entire cut of white pine lumber for 1901, except so much as it should need for its retail trade in the city of Rumford Falls, agreeing to retain, not the best

of the lumber, but only an average grade for that trade. Delivery was to be f. o. b. cars at Rumford Falls, Kelly & Co. to pay within 10 days from date of invoice. The logs were to be cut in lengths of 12, 14, and 16 feet; but Kelly & Co. agreed to accept some lumber shorter than 12 feet, not less than 8 feet, and some longer than 16 feet. The trial judge held that this contract was not assignable, and that, therefore, the plaintiff had no right of action.

While the authorities do not differ as to the principle that a contract personal in its nature cannot be assigned by one party without the consent of the other, they differ in the application of the principle; the question in each case being whether the contract is personal or not. The law on the subject for the federal courts has been laid down by the Supreme Court in Arkansas Smelting Company v. Belding Mining Company, 127 U. S. 379, 387, 8 Sup. Ct. 1308, 32 L. Ed. 246, in which Mr. Justice Gray said:

"At the present day, no doubt, an agreement to pay money, or to deliver goods, may be assigned by the person to whom the money is paid or the goods are to be delivered, if there is nothing in the terms of the contract, whether by requiring something to be afterwards done by him, or by some other stipulation, which manifests the intention of the parties that it shall not be assignable. But every one has a right to select and determine with whom he will contract, and cannot have another person thrust upon him without his consent. In the familiar phrase of Lord Denman: 'You have the right to the benefit you anticipate from the character, credit, and substance of the party with whom you contract.' Humble v. Hunter, 12 Q. B. 310, 317; Winchester v. Howard, 97 Mass. 303, 305, 93 Am. Dec. 93; Boston Ice Co. v. Potter, 123 Mass. 28, 25 Am. Rep. 9; King v. Batterson, 13 R. I. 117, 120, 43 Am. Rep. 13; Lansden v. McCarthy, 45 Mo. 106. The rule upon this subject, as applicable to the case at bar, is well expressed in a recent English treatise: 'Rights arising out of contract cannot be transferred, if they are coupled with liabilities, or if they involve a relation of personal confidence such that the party whose agreement conferred those rights must have intended them to be exercised only by him in whom he actually confided.' Pollock on Contracts 425."

The contract under consideration is not merely for the sale of personal property for cash, but implies confidence in Kelly & Co., because they were to have 10 days' credit after title to the lumber passed to them, and because the amount of lumber shorter or longer than the lengths provided for in the contract which they were to accept was not fixed. So, also, the amount of lumber the lumber company needed for its retail trade was not fixed, and that amount, as well as the grade of lumber retained, were subjects which the lumber company might have been willing to leave open with Kelly & Co., but not with their assigns. The rights of Kelly & Co. were coupled with liabilities and involved personal confidence. See, also, Snow v. Nelson (C. C.) 113 Fed. 353.

The plaintiff did not rely upon the assignability of the contract alone, but alleged in the complaint that it was assigned, and Van Horn (plaintiff's assignor) substituted in place of Kelly & Co. with the approval and consent in writing of the lumber company. The evidence relied on to sustain these allegations is all documentary, and we agree with the trial judge that it fails to do so. Some of the letters, taken alone, indicate a consent; but, read all together, the conclusion that the lumber company never assented to the assignment, and that Kelly

& Co. acquiesced in its refusal to do so, is irresistible. In the letter of March 21, 1903, written to the lumber company after it had refused to make further deliveries, Kelly & Co. say, among other things:

"We have a contract with you under date of the 11th day of December, 1900, whereby you agreed to furnish us a specific amount of lumber during the year 1901. * * * We hold that you have no right to nominate the party with whom you will or will not do business as our representative, and we now say to you that we will hold you for any damages that may arise or have arisen from the fact of your not having furnished this lumber to us in the time in which you agreed to furnish it. * * * We state again all we want is that you shall fill your contract with us and we will do the same with you, and if you refuse to do it you may as well understand first as last that we will endeavor to make you pay damages as well as fill the contract. We trust you will see the matter as we do, but if you do not care to consider it in a reasonable manner, you may begin action, or we will, and the sooner the better."

The judgment is affirmed.