Argued April 5, decided April 25, 1911.

## BROWNE & CO. *v.* JOHN P. SHARKEY CO.

[115 Pac. 156.]

APPEAL AND ERROR—FINDINGS—REVIEW.

1. The court on appeal will not consider the weight of evidence supporting the findings of the trial court.

CONTRACTS—PERFORMANCE—TIME.

2. Where no time for the completion of work called for in a contract is specified therein, it must be completed within a reasonable time based on the circumstances of the particular case.

CONTRACTS—PERFORMANCE—TIME.

3. One contracting to print and furnish to another advertising booklets from copy furnished by the latter may show that the work was done as fast as the latter furnished the copy, and proof of the failure of the latter to promptly furnish copy is admissible to show that the former promptly performed his part of the work.

ASSIGNMENTS—CONTRACTS—PERSONAL SERVICE—"FURNISH."

4. A contract by one to print and furnish to another illustrated advertising booklets is not a contract for particular personal services, but may be assigned; the word "furnish" meaning to supply or provide.

ASSIGNMENTS—CONTRACTS—VALIDITY.

5. Where one, contracting to print and furnish to another illustrated advertising booklets, substantially performed the work, and then assigned the contract, the assignment was a mere assignment of an accrued cause of action and was sustainable, though the contract called for personal services and was not assignable.

CONTRACTS—PERFORMANCE—TENDER.

6. One contracting to print and furnish to another advertising booklets need not make a physical tender of the work in a completed state, where the latter gave notice that it would not receive the same in any event.

INTEREST—ACTIONS ON CONTRACT.

7. An assignee of one substantially performing a contract who sues on the contract is not entitled to interest on the amount of his claim.

From Multnomah:   JOHN B. CLELAND, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is an action by H. C. Browne & Co. against the J. P. Sharkey Co.   The facts as disclosed at the trial are as follows:

On September 4, 1908, defendant, entered into a contract with Lewis M. Head by the terms of which Head was to print and furnish to defendant 10,000 booklets, descriptive of Council Crest, an addition to the city of Portland, which defendant was preparing to place upon the market.   The booklet was to contain 32 pages, including reading matter, certain illustrations, and a bird's-eye view half-tone insert; the reading matter and view for insert to be supplied by defendant.   The agreed price of the whole work was to be $1,071; part payment to be made as the work progressed and to be fully paid when the booklets were delivered.

Head entered upon the work and caused drawings and cuts to be prepared and printed as fast as defendant supplied copy, and had the booklets ready for stitching about November 10, 1908, except that the half-tone insert, which defendant was to provide, had not been furnished, although Head had requested it before the latter date.   Head thereupon proposed to defendant that he would have all or any part of the 10,000 booklets

Sig. 16

stitched and covered and delivered to defendant without the insert; but defendant refused to accede to this proposition, or to furnish the view for the insert, or to receive the booklets or pay for them, and rescinded the contract, claiming that it had not been completed within a reasonable time and that the booklets had been finished too late in the season to be of any value to defendant. After the booklets had been completed and were ready for stitching, Head assigned the contract and his right of action thereunder to plaintiff, who brought this action. The case was tried without a jury, and, from findings and judgment in favor of plaintiff, defendant appeals.

MODIFIED: REMANDED WITH DIRECTIONS.

For appellant there was a brief and an oral argument by *Mr. Ephraim B. Seabrook.*

For respondent there was a brief over the names of *Mr. John H. Hall* and *Mr. Jesse Stearns* with an oral argument by *Mr. Hall.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. The findings of the court below are each supported by some evidence, and therefore we cannot consider the weight of evidence introduced to support them.

2. No time for the completion of the work was specified in the contract, and it follows that it should have been completed within a reasonable time. What constitutes a reasonable time is to be predicated upon the circumstances of each particular case, and in this case we think it was competent for plaintiff to show that the work was done as fast as defendant furnished the reading matter which its contract required it to contribute. No delay would be unreasonable as against plaintiff if necessarily occasioned by the act of defendant.

3. The evidence, therefore, of the failure of defendant to promptly furnish copy, was admissible, not in avoid-

ance of the charge that Head delayed the work, but to show that he promptly performed his part of the work, according to the contract, which, in effect, only required him to print matter as quickly as defendant should furnish it.

4. We do not think this is shown to be a contract for the particular skill and personal services of Head.  It is not so alleged in the answer, nor is it shown in the evidence.   Head's contract was to print the book and furnish the pictures.   Both of these could be done by any competent artist and printer, and there is no hint in the pleadings or proof that defendant relied upon any special skill or talent of Head personally to produce the books.

To "furnish" means to supply or provide.  Adjudged Words & Phrases, title "Furnish."   A contract to paint a picture is one of the most common illustrations of a personal or nonassignable contract, because here the value of the thing to be done is one which necessarily depends upon the peculiar skill of the artist.   But, if a person not shown to be an artist should contract to furnish a picture of a certain kind, we opine that his contract would be fulfilled if he tendered one made by somebody else.

The case of *Campbell* v. *Sumner County*, 64 Kan. 376 (67 Pac. 866), cited by appellant, wherein it is held that a contract to do county printing is one made in contemplation of the special skill of the contractor, does not meet with our approval.   Contracts to print books, with or without illustrations, are such as must in their very nature be performed by many hands, and, unless there is something in the circumstances to indicate the contrary the general rule should be that the contract is for a certain quality of work, and not that a particular person shall perform it.   The case of *Carter* v. *State*, 8 S. D. 153 (65 N. W. 422), holds exactly the reverse of the Kansas case above cited, and we think with better reason.

5. In addition to this, it appears that all the illustrating work and the printing were completed before Head assigned the contract, so that, even if defendant had relied upon the personal skill of Head to produce the illustrations, it had received the benefit of that skill and supervision, and nothing remained to be done beyond the mere mechanical act of stitching the booklet with wire, which no one will contend is a process ·requiring any peculiar skill or talent. "Where the reason of the rule ceases the rule itself ceases." The assignment amounts to a mere assignment of an accrued cause of action in any event.

6. Plaintiff was not required to make a physical tender of the books in a complete state after defendant had notified him that it would not receive them in any event. The evidence shows a substantial compliance with the contract, and plaintiff is entitled to recover.

7. We think the court erred in allowing interest on the amount of plaintiff's claim, and the cause will be remanded to the court below, with directions to enter judgment for the amount found due, with costs and disbursements, less the interest heretofore allowed.

MODIFIED : REMANDED WITH DIRECTIONS.