STATE OF INDIANA, EX REL., CARL J. CARTER, PROSE-
CUTING ATTORNEY, *v.* FARMERS ELEVATOR COMPANY.

[No. 10,258.   Filed March 9, 1919.]

TAXATION.—*Corporations.*—*Statement of Capital Stock.*—*Failure to Furnish.*—*Duty of Assessor.*—*Statute.*—A corporation is not sub- ject to the statutory penalty for failure to make out and deliver to the township assessor a sworn statement concerning its capital stock, etc., as required by §10233 Burns 1914, Acts 1903 p. 49, unless the township assessor has previously furnished it the proper blank therefor, in view of §§10202, 10234 Burns 1914, Acts 1891 p. 199.

From Bartholomew Circuit Court; *John W. Dona- ker,* Judge.

Action by the State of Indiana, on the relation of Carl J. Carter, prosecuting attorney, against the Farmers Elevator Company. From a judgment for defendant, the relator appeals. *Affirmed.*

*Ele Stansbury,* Attorney-General, *Dale F. Stans- bury, Carl Carter* and *Cheney & Tolen,* for appellant. *John W. Morgan,* for appellee.

ENLOE, J.—This was an action by appellant against appellee to recover a statutory penalty. The com- plaint, which was in two paragraphs, alleged the failure of the appellee to make out and deliver to the township assessor of Flat Rock township, between March 1 and May 15, 1917, a sworn statement con- cerning capital stock, etc., of said company, as re- quired by §10233 Burns 1914, Acts 1903 p. 49. Said section reads as follows: "Every street railroad, water works, gas, manufacturing, mining, gravel road, plank road, saving(s) bank, insurance and other

associations incorporated under the laws of this state (other than railroad companies and those heretofore specifically designated) shall, by its president or other proper accounting officer, between the first day of March and the fifteenth day of May of the current year, in addition to the other property required by this act to be listed, make out and deliver to the assessor a sworn statement of the amount of its capital stock, setting forth particularly: First. The name and location of the company or association. Second. The amount of capital stock authorized, and the number of shares in which such capital stock is divided. Third. The amount of capital stock paid up. Fourth. The market value, or if no market value, then the actual value of the shares of stock. Fifth. The total amount of indebtedness, except the indebtedness for current expenses, excluding from such expenses the amount paid for the purchase or improvement of property. Sixth. The value of all tangible property. Seventh. The difference in value between all tangible property and the capital stock. Eighth. The name and value of each franchise or privilege owned or enjoyed by such corporation. Such schedule shall be made in conformity to such instruction and forms as may be prescribed by the auditor of state. In case of the failure or refusal to make report, such corporation shall forfeit and pay one hundred dollars for each additional day such report is delayed beyond the fifteenth day of May, to be sued and recovered in any proper form of action in the name of the state of Indiana, on the relation of the prosecuting attorney, such penalty, when collected, to be paid into the county treasury. * * *,"

To the complaint a demurrer was interposed for

want of facts, which being sustained, the appellant refused to further plead and suffered judgment accordingly. He then prosecuted his appeal to this court and has assigned as error the action of the court in sustaining said demurrer.

The memorandum filed with the demurrer to the complaint challenges the sufficiency of the complaint in several particulars, only one of which, in the view we take of this case, need be noticed, viz.: That the complaint did not allege that the assessor of said township did, during said time, within which said report should have been made, "call upon defendant, or defendant's president, or other accounting officer, and deliver the necessary form of affidavit required under the law to be delivered, and required the defendant's president or other accounting officer to execute the same and deliver the affidavit to the assessor, as required by law, and that the defendant company, during said months, never was given an opportunity to execute the affidavit."

The appeal presents the question as to whether it was the duty of the township assessor to call upon the appellee, at its office in his township, and present the proper blank for the said report so required by §10233, *supra.*

It will be noticed that said section provides: "Such schedule shall be made in conformity to such instructions and forms as may be prescribed by the auditor of state."

By §10234 Burns 1914, Acts 1891 p. 199, §74, it is provided, among other things: "Such statement shall be scheduled by the assessor, and such schedule, with the statement so scheduled, shall be returned by the assessor to the county auditor."

By §10202 Burns 1914, Acts 1891 p. 199, §53, it is provided: "Before the first day of March of each year the county auditor shall have in readiness for delivery to the assessor the proper assessment books and necessary blanks, for the assessment of all property, real and personal, * * *" Section 10197 Burns 1914, Acts 1903 p. 49, provides: "On the first of March of each year, or as soon thereafter as practicable, and before the fifteenth day of May, the assessor shall call upon each person required by this act to be assessed, and furnish him or her with the proper blanks for the purpose, * * *."

The statute in question is highly penal. It provides that the penalty therein named shall be incurred "in case of the failure or refusal" to make the report therein required. The use of the word "refusal" therein would indicate that some other person should make a *request* for the return therein mentioned to be made. As we construe these various sections, we hold that it was the duty of the township assessor to call upon the appellee and furnish it with the proper blank upon which to make the report in question and that, until this was done, the appellee, not having had an opportunity to make the report, was not liable to the statutory penalty.

We find no error, and the judgment is therefore affirmed.