WRIGHT v. WEIL BROTHERS AND COMPANY.

[No. 10,994. Filed May 13, 1921.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Furnishing Printed Forms.—Duty of Industrial Board.*—Section 56 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), providing that the Industrial Board shall prepare and cause to be printed, and on request furnish free of charge to any employer or employe, such blank forms and literature as it shall deem requisite to promote the efficient administration of. the act, does not impose upon the Industrial Board the duty of mailing or transporting the forms which it is required to prepare and cause to be printed, "furnishing," as used in such section, meaning to supply or provide. p. 499.

2. EVIDENCE.—*Judicial Notice.—Rules of Industrial Board.*—The Appellate Court cannot take judicial notice of the rules of the Industrial Board. p. 499.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by James F. Wright against Weil Brothers and Company. After a denial of compensation, the applicant filed an application for review before the full board, which application was dismissed and the applicant appeals. *Affirmed.*

*Emmet V. Harris,* for appellant.

*James E. Rocap,* for appellee.

REMY, C. J.—Appellant, claiming that he had received injuries by reason of an accident arising out of and in the course of his employment by appellee, filed with the Industrial Board an application for compensation. In a hearing before a single member of the

board, appellant was, on September 3, 1920, denied compensation. On September 13, 1920, appellant filed his application for review before the full board, which application was thereafter dismissed for the reason that it was not filed within seven days after the date of the award, as required by §60 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918). After the application for review was filed, and before the dismissal was ordered, appellant filed with the board an affidavit, setting forth that on September 4, 1920, which was the next day after he had been denied compensation in a hearing before a single member of the board, appellant was notified of the finding and award, and that immediately upon receiving such notice appellant, who resided at Ft. Wayne, Indiana, caused a letter to be written to the clerk of the Industrial Board, the same being addressed to the offices of the board in the city of Indianapolis, requesting said clerk to forward to appellant a blank form of application for review before the full board; that on September 8, 1920, appellant, having had no response to the letter, caused a typewritten application for review before the full board to be prepared, which, on September 8, 1920, was duly mailed to the Industrial Board, but that because of insufficient postage the same was not delivered, but was returned to appellant who promptly remailed it with sufficient postage. However, the application did not reach the office of the Industrial Board until September 13, 1920, which was two days late.

It is contended by appellant that his failure to file his application for review within the seven days required by the statute was due to the failure of the Industrial Board to forward to him the printed blank application form when requested by mail so to do; that to forward such printed form was a duty of the board

made mandatory by §56 of Workmen's Compensation Act, *supra;* and that the rights of appellant cannot be prejudiced by the neglect of the Industrial Board to perform this statutory duty. The provision of §56 referred to is as follows:

"The Board shall prepare and cause to be printed, and upon request furnish free of charge to any employer or employe, such blank forms and literature as it shall deem requisite to facilitate or promote the efficient administration of this act."

It will be observed that this provision does not impose upon the Industrial Board the duty of mailing or transporting the forms which it is required to 1. prepare and cause to be printed. The meaning of the word "furnish" as used is to supply or provide. See *H. C. Browne & Co.* v. *John P. Sharkey Co.* (1911), 58 Ore. 480, 115 Pac. 156. There is therefore, no merit in appellant's contention.

A further excuse of appellant for his failure to file the application for review within the time required by statute is that there is a rule of the Industrial 2. Board which requires that all such applications shall be on printed blank forms furnished by the board, and that it was impossible for him to comply with this rule because of the failure of the board to send him such blank form. The rule referred to, if there is such a rule, is not set out in any pleading, nor in any way made a part of the record; and this court cannot take judicial notice thereof. *Hagenback* v. *Leppert* (1917), 65 Ind. App. 261, 117 N. E. 531. Therefore, the validity of such a rule, or its effect if valid, is not presented.

Affirmed.