## PANHANDLE LUMBER CO., Limited, v. MACKAY.

Circuit Court of Appeals, Ninth Circuit. October 10, 1927.

No. 5167.

**1. Assignments ⟋18—Generally all contracts are assignable except where contract is for personal service or involves relations of personal confidence.**

It is the general rule that all contracts are assignable unless assignment is forbidden by statute or by the contract itself, subject to exception in case of contracts involving relations of confidence or for personal service.

**2. Assignments ⟋18—Logging contract, requiring employment of workmen, and under which no credit was extended to contractor held assignable.**

A contract to do logging work requiring the employment of a considerable number of workmen, and under which no credit was extended to the contractor and no personal service was required, *held* assignable under the law of Washington.

In Error to the District Court of the United States for the Northern Division of the Eastern District of Washington; J. Stanley Webster, Judge.

Action at law by W. J. Mackay against the Panhandle Lumber Company, Limited.

Judgment for plaintiff, and defendant brings error. Affirmed.

John P. Gray, of Cœur d'Alene, Idaho, and Turner, Nuzum & Nuzum, of Spokane, Wash., for plaintiff in error.

G. M. Ferris, of Spokane, Wash., for defendant in error.

Before HUNT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This was an action by a contractor to recover damages for breach of a logging contract. Under the terms of the contract, the contractor agreed to saw, swamp, skid, and otherwise log and deliver all the merchantable timber on certain described lands; to land the logs on the railroad right of way of the lumber company and deck them in such manner as would facilitate loading on the cars, the back end of the skidways to be not more than 65 feet from the track; to cut the logs in such lengths as might be required by the lumber company; to furnish all supplies and equipment; to submit pay rolls on the 15th and last day of each month; to cut the ground clean to the back end of the job as work progressed, the cutting to be done where the lumber company might specify; that on government timber the work should comply with government specifications, rules and regulations, and to deliver all logs on the railroad right of way on or before September 1, 1926. The lumber company, on the other hand, agreed to pay the pay rolls of the contractor, provided the contractor had sufficient credit accrued at the time of payment to take care of all indebtedness due the lumber company, including the pay rolls; to pay the contractor between the 10th and 15th of each month for all logs delivered and scaled during the preceding month at the rate of $6.50 per thousand feet, less any advances, reserving 50 cents per thousand feet on all logs so delivered to secure satisfactory completion of the contract, the reserve to be paid on completion of the work. It is admitted that the contract was terminated some time after the contractor entered upon its performance.

One of the defenses interposed by answer was that, between the date of the execution of the contract and the date of its termination, the contractor, without the knowledge or consent of the lumber company, assigned an interest to or took one Boyer into copartnership with him in the prosecution of the work under the contract, and that, by reason of the contractor so assigning an interest in the contract to Boyer, or taking Boyer into partnership with him, the contract became null and void. The refusal of the court below to submit this defense to the jury is the sole question presented by the writ of error. [1, 2] The contention of the plaintiff in error is based upon the ground that contracts such as the one in suit are not assignable in whole or in part. As a general rule, all contracts are assignable unless an assignment is forbidden by statute or by the terms of the contract itself. Contracts involving relations of personal confidence and contracts for personal service form an exception to the rule. But the contract in question does not involve relations of personal confidence. No credit was extended, the labor to be performed under the contract was of the common sort requiring neither special knowledge nor skill, and the contract itself could be fully executed by an assignee consistent with the rights and interests of the adverse party. Nor was the contract for personal service. The labor to be performed under the contract would necessarily be performed by a considerable number of employees and was not to be performed by the contracting party in person. It has been repeatedly held that logging contracts such as this, contracts for the repair of wagons, contracts for the drilling of oil wells, contracts for printing books, contracts for constructing railroads, and various kinds of building and construction contracts are assignable. Poling v. Condon-Lane Boom & Lumber Co., 55 W. Va. 529, 47 S. E. 279; British Waggon Co. and Parkgate Waggon Co. v. Lea, 5 Q. B. D. 149; Galey v. Mellon, 172 Pa. St. 443, 33 A. 560; H. C. Browne & Co. v. John P. Sharkey Co., 58 Or. 480, 115 P. 156; Corvallis & A. R. R. Co. v. Portland E. & E. R. Co., 84 Or. 524, 163 P. 1173; Pulaski Stave Co. v. Miller's Creek Lumber Co., 138 Ky. 372, 128 S. W. 96; Janvey v. Loketz, 122 App. Div. 411, 106 N. Y. S. 690; New York Bank Note Co. v. Hamilton Bank Note Engraving & Printing Co., 180 N. Y. 280, 73 N. E. 48; 2 R. C. L. 601.

True, as claimed by the plaintiff in error, the contractor might incur liabilities by a failure to perform or by negligent performance, but, as said by the Supreme Court of the state, in J. W. King v. West Coast Grocery Co., 72 Wash. 132, 129 P. 1081:

"It is often broadly stated, in varying forms of expression, that, if the rights are coupled with liabilities or if they involve a relation of personal confidence or a personal service, they cannot be assigned. * * * The difficulty is not one of mere

definition. It lies in the application of these general principles to the given case. Strictly speaking, almost every right arising under an executory contract has its corresponding liability. To give to the language of the first branch of the exception an absolute sense would be to declare every executory contract nonassignable."

The plaintiff in error cites and relies on Arkansas Valley Smelting Co. v. Belden Mining Co., 127 U. S. 379, 8 S. Ct. 1308, 32 L. Ed. 246; Delaware County Commissioners v. Diebold Safe & Lock Co., 133 U. S. 473, 10 S. Ct. 399, 33 L. Ed. 674; and Burck v. Taylor, 152 U. S. 634, 14 S. Ct. 696, 38 L. Ed. 578. We think these cases are readily distinguishable from the case at bar, but, in any event, the question to be determined is one of local law, and, under the rule of decision in the state where the contract was made and to be performed, we have no doubt that the contract was assignable. We deem it unnecessary, therefore, to review the cases cited or to consider whether the mere taking in of a partner would violate the rule against assignments, or whether the rule is applicable here for the other reasons suggested by the defendant in error.

The judgment is affirmed.