Thomas I. SECHREST and Lester Weston,
Plaintiffs-Appellants,

v.

PUBLIC WATER SUPPLY DISTRICT NO.
2 et al., Defendants-Respondents.

No. 23054.

Kansas City Court of Appeals.

Missouri.

Feb. 1, 1960.

Tom J. Helms, Albert Thomson, Al Lebrecht, Kansas City, for appellants.

Charles V. Garnett, Kansas City, for respondent Water Dist.

Richard H. Koenigsdorf, Charles A. Darby, Kansas City, for respondent, Kansas City.

SPERRY, Commissioner.

This is a suit by plaintiffs, Thomas I. Sechrest and Lester Weston, for breach of a contract made between them and defendant Public Water Supply District No. 2, known as the district. Kansas City is joined as a defendant. The amount in controversy is approximately $4,300. From a judgment dismissing their petition plaintiffs appeal.

The district was organized and exists under the provisions of Chapter 247, RSMo 1949, V.A.M.S. Its powers are defined in Section 247.050, subparagraph (15) being as follows: "To sell and distribute water to the inhabitants of the district and to consumers outside the district, delivered within or at the boundaries of the district." It also had the power to "lease, acquire and own" any and all equipment and supplies needed within or without the district in the operation of a waterworks system.

Plaintiffs pleaded that in 1955, they developed a housing project in Jackson County, south of the corporate limits of Kansas City; that they entered into a contract with the district whereby it agreed to, (and did) construct some 660 feet of water mains to supply the area inhabitants with water; that plaintiffs deposited with the district the total sum of $4,438.09 to be used in defraying costs of materials and construction of the mains; that the district agreed to pay over to plaintiffs, on January 15 and July 15 of each year thereafter, 25% of the gross revenue derived by it from the sale of water passing through said mains, until the sum mentioned should be repaid, but the payments should not continue longer than 10 years.

Plaintiffs pleaded that thereafter the area was annexed by Kansas City; that the Circuit Court of Jackson County, by decree, approved the annexation and also approved the plan by which Kansas City assumed and agreed to pay and discharge the district's liability under its contract with plaintiffs; that the rates charged the residents of the area by Kansas City are lower than those charged by the district; that, by reason of such lower rates, plaintiffs do not and will not receive as much cash from the biennial payments as they would have received under the rates as charged by the district; that they are damaged thereby; and that, over the ten year period, they will lose more than one half of the amount of their deposit.

Defendants say, and correctly, that all statutory provisions for the detachment of annexed areas from water districts such as this constitute a part of the contract between plaintiffs and the district as fully as though they had been written therein. Christy v. Petrus, 365 Mo. 1187, 295 S.W.2d 122, 125. Section 247.160 provides that whenever all or any part of the territory of any public water district (such as this) is or has been included, by annexation, within the corporate limits of a municipality, the board of directors of the district "shall have the power to *contract* with such municipality for operating the waterworks system within such annexed area," or it may lease or sell same to the municipality, subject to certain stated conditions. But this does not mean that the board of the district, because of the annexation alone, lost all control or ownership to Kansas City. It could have voluntarily contracted to sell or lease the property, which it did. Under the provisions of Section 247.160, that portion of the territory and assets of a public water district lying within an area annexed by a municipality may be transferred to such municipality pursuant to conditions therein stated, and as prescribed by a court of equity. But, in no case, may such a district be relieved of its contractual debts or obligations without making provision for full payment of such debts and performance

of obligations. If such were the law, then the district would be permitted to escape its indebtedness merely by "assigning" its assets and liabilities to an annexing municipality, without the knowledge or consent of its debtors. A private citizen cannot so discharge his debts. Restatement Law of Contracts 160(4); Corbin on Contracts, § 866, pp. 452, 458; Lansden v. McCarthy, 45 Mo. 106, 108. Neither can a public corporation do so.

■■■ Defendants alleged as a ground for dismissal the fact that the contract for refund, the breach of which forms the basis of this suit, contained no provision for the maintenance of water rates or charges at the level at which they were being maintained at the time the contract was made. This is true and, we believe, it is fatal to plaintiffs' action. Section 247.050 (16) confers upon the district power to establish water rates, and Section 247.110 confers that power on the board of directors, subject to statutory control of the Public Service Commission of Missouri. These statutes modify the contract; and the powers conferred by the statutes could not have been contracted away.

The district was not bound to repay the full amount of the money paid to it by plaintiffs, nor any specified amount or proportion thereof. It was bound to maintain "reasonable" rates and to pay plaintiffs 25% of the gross revenue received from water passing through the mains constructed with the money furnished by plaintiffs. Assuming that, at the rates then being charged, the full amount might have been thereby refunded during the ten year period, nevertheless, the district was not bound to maintain such rates over a period of ten years.

Whether there was a technical breach of the contract is of but little importance in this case. No court or jury could determine, except through speculation, the measure of damages. The damages suffered by plaintiffs, if any, are too speculative to permit of assessment in this action.

The judgment should be affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

HUNTER and BROADDUS, JJ., and SAM C. BLAIR, Special Judge, concur.