**JEWELL GRAIN COMPANY, INC., Petitioner,**

v.

**STATE BOARD OF TAX COMMISSIONERS, Respondent.**

Cause No. 86T05–8705–TA–00020.

Tax Court of Indiana.

June 2, 1988.

M. Owen Mohler, Stephen R. Buschmann, Indianapolis, for petitioner.

Linley E. Pearson, Atty. Gen. by Ted J. Holaday, Deputy Atty. Gen., Indianapolis, for respondent.

FISHER, Judge.

## STATEMENT OF CASE

Petitioner, Jewell Grain Company, Inc., appeals the Indiana State Board of Tax Commissioner's final determination that Jewell should be assessed as of March 1, 1986, for grain which it possessed but did not own. The case is before this Court on Jewell's motion for summary judgment.

## FACTS AND DECISION

Jewell acquired a grain elevator in Steuben Township, Warren County, Indiana, in June of 1985. It filed its first Indiana business tangible personal property tax return on or before May 15, 1986, listing all the grain which it owned. It did not file a Form 103–N with its return. Form 103–N is used to indicate property held or possessed by a person but owned by another.

The assessor did not personally deliver a Form 103–N to Jewell and he does not remember whether he mailed the form or not. Jewell contends it did not receive the form and did not know of the requirement to file the form.

On October 23, 1986, the State Board began an audit of Jewell and requested information that would have been contained on a Form 103–N had one been filed. Jewell provided the requested information and the State Board compared the list of farmers with personal property tax returns filed in Steuben Township. After removing (a) government owned grain, (b) grain located in Illinois, and (c) farmer owned grain which had been reported by farmers in Steuben Township, the hearing officer recommended an increase in assessment based upon the amounts and values taken directly from the information provided by Jewell. The State Board did not compare the list with personal property tax returns filed elsewhere, and gave no credit for tax paid by farmer-owners outside Steuben Township.

Jewell has raised four issues in this appeal which are restated.

## ISSUE ONE

■ Assuming that Jewell did not know of Form 103–N, and that the township assessor neither mailed nor delivered such form to Jewell, is Jewell excused from property tax liability on grain it held but did not own?

The township assessor is required by IC 6–1.1–3–6 to provide taxpayers with a personal property return. IC 6–1.1–3–6 states:

> Between the assessment date and the filing date of each year, the appropriate township assessor shall furnish each person whose personal property is subject to assessmeny [sic] for that year with a personal property return.

The State Board contends that it has no duty to mail such returns, that its only duty is to make them available to the taxpayer. Jewell contends that the statute requires mailing, and since the State Board did not do so, the assessment is invalid.

This Court agrees with the State Board. Regulation 50 IAC 4.1–1–5 has been duly promulgated and states that:

> Filing Requirements—Every person including any firm, company, partnership, association, corporation, fiduciary, or individual owning, holding, possessing or controlling personal property with a tax situs within the State on March 1 of any year is required to file a personal property tax return on or before May 15 of that year unless an extension of time to file a return is obtained pursuant to Section 7 of Rule 1 [50 IAC 4.1–1–7] of this regulation. *The obligation to file a return is not diminished or affected by the failure of an assessor to deliver or mail forms to a taxpayer. It is the responsibility of the taxpayer to obtain forms from the assessor and file a timely return in compliance with this regulation* [50 IAC 4.1].

(Emphasis supplied).

The essential provisions of this regulation have been in existence since at least 1964, and none of the versions of the regulation have ever required an assessor to mail forms.

Jewell's reliance on *State ex rel. Carter v. Farmers' Elevator Co.* (1920), 72 Ind. App. 691, 126 N.E. 442, is misplaced. The statute interpreted in *Carter* required the assessor to "call upon each person required by this act to be assessed, and furnish him or her with the property blanks...." *Id.* 126 N.E. at 443. The Court held:

> The statute in question is highly penal. It provides that the penalty therein named shall be incurred "in case of the failure or refusal" to make the report therein required. The use of the word "refusal" therein would indicate that

some other person should make a request for the return therein mentioned to be made. As we construe these various sections, we hold that it was the duty of the township assessor to call upon the appellee and furnish it with the proper blank upon which to make the report in question, and that until this was done the appellee, not having had an opportunity to make the report, was not liable to the said statutory penalty.

*Id.*

In the instant case the statute does not require the assessor to call upon the taxpayer nor is the element of "refusal" involved. The assessor is merely required to furnish the appropriate forms in much the same manner as the administrative agency in *Wright v. Weil Brothers & Co.* (1921), 75 Ind.App. 497, 130 N.E. 878. In *Wright,* the Industrial Board was required by statute to "upon request furnish free of charge to any employer or employee, such blank forms and literature as it shall deem requisite to facilitate or promote the efficient administration of this act." *Id.* 130 N.E. at 879. The Court held that the statute did "not impose upon the Industrial Board the duty of mailing or transporting...." *Id.* It interpreted the term "furnish" to simply mean "to supply or provide." *Id.*

This Court holds that the term "furnish" as used in IC 6–1.1–3–6 does not connote any duty to mail or deliver but does place the duty upon the township assessor to make the necessary return forms available so that the taxpayer has a reasonable opportunity to procure them. Since there has been no contention that returns were not so available to Jewell, the State Board has complied with the statute.

## ISSUE TWO

■ Does the failure of the State Board to give at least ten days notice before the hearing invalidate the assessment?

Indiana Code 6–1.1–14–11 provides that "[t]he time fixed for the hearing must be at least ten (10) days after the day the notice is mailed." The record reveals that the notice for the administrative hearing on January 23, 1987, was dated January 15, 1987, only eight days before the hearing date. Jewell contends that this failure to follow proper procedure should result in the assessment being vacated, although it has not shown how it was prejudiced by the shortened notice.

Jewell has waived any procedural defects because it appeared at the hearing and did not assert lack of notice or inability to prepare an adequate defense. *Brinson v. Sheriff's Merit Bd. of Jefferson County* (1979), 182 Ind.App. 246, 395 N.E.2d 267.

## ISSUE THREE

Are the written findings of the State Board sufficient?

■ Jewell contends that the State Board's written findings are insufficient. Written findings are necessary even if the State Board is conducting a reassessment under statutes not expressly requiring them. *Stokely–Van Camp, Inc. v. State Bd. of Tax Com'rs* (1979), 182 Ind.App. 91, 394 N.E.2d 209, 210.

■ The written findings in the instant case are "sufficient to inform the parties of the evidentiary bases upon which the ultimate findings rest, and to permit this court to engage in meaningful review." *Hale v. Review Bd. of Indiana Employment Sec. Div.* (1983), Ind.App., 454 N.E.2d 882, 885. "[T]here is no requirement the findings discuss in detail each matter raised during the proceedings." *Id.* Furthermore, the findings suggested by Jewell are primarily on uncontested matters.

## ISSUE FOUR

■ Does the failure of Jewell to timely file a Form 103–N justify the assessment of property tax to it (without credit given for tax paid by all owners), when the requested information has been provided by Jewell which enables the State Board to assess all the owners of the property?

Jewell contends that its submission of the requested information during the audit is sufficient compliance with IC 6–1.1–2–4 to invalidate the assessment. This statute provides:

(a) The owner of any tangible property on the assessment date of a year is liable for the taxes imposed for that year on the property.

(b) A person holding, possessing, controlling, or occupying any tangible property on the assessment date of a year is liable for the taxes imposed for that year on the property unless:

(1) he establishes that the property is being assessed and taxed in the name of the owner; or

(2) the owner is liable for the taxes under a contract with that person.

When a person other than the owner pays any property taxes as required by this section, that person may recover the amount paid from the owner, unless the parties have agreed to other terms in a contract.

The statute does not clearly establish whether the owner or the possessor is primarily responsible for the tax. *Empire Gas of Rochester, Inc. v. State* (1985), Ind. App., 486 N.E.2d 1036, 1041. It is clear, however, that the possessor is not liable for the tax once "he establishes that the property is being assessed and taxed in the name of the owner." IC 6–1.1–2–4(b)(1). It is undisputed that the State Board recognizes that a person can meet the requirement of (b)(1) by filing a Form 103–N which supplies information concerning the identity of the owner and the description and location of property. It is also undisputed that the information provided by Jewell to the State Board during the course of the audit was identical to information provided on Form 103–N and would have been treated as a 103–N if filed with the return. The State Board contends, however, that the late filing somehow places a burden on Jewell to provide even more information. The Court disagrees. Information which is sufficient to meet the requirements of (b)(1) on or before the due date of the return is also sufficient after that date as long as the lateness of the information does not preclude assessment

to the owner under the applicable statute of limitations. This holding is consistent with Regulation 50 IAC 1–2–1(b)(3), which requires the furnishing of "a listing of property held, possessed or controlled as of the assessment date, so as to enable the property to be assessed and taxed to the owner...." The regulation does not require that failure to timely file result in assessment to the possessor after the possessor has informed the Board who the owners are.

Once Jewell complied with IC 6–1.1–2–4(b)(1) by supplying the proper information, it became the duty of the taxing officials to insure that the owner reported the property on his return. IC 6–1.1–9–1 *et seq.* The statute of limitations for increasing the assessed value on the owner is three years. IC 6–1.1–9–3(a). The shortened statute of limitations under IC 6–1.1–16–1 only applies when the taxpayer's return "substantially complies with provisions of this article and with the regulations of the state board of tax commissioners." IC 6–1.1–16–1(d)(1). The failure of an owner to report property which he owns but someone else possesses does not constitute substantial compliance.

This court's holding does not encourage the withholding or delay in provision of information by possessors.[1] Possessors of property who are dilatory in their filing of required 103–N information are subject to all applicable penalties for not filing a timely return.

The State Board's determination is contrary to law. The case is therefore remanded to the State Board for a redetermination consistent with this opinion.

---

1. Furthermore, no undue burden is placed on administration of the property tax because Form 103–N duplicates information already available from Form 103–O filed by owners of property. The exemption procedures found in IC 6–1.1–11–1 *et seq.* are not applicable since the filing of 103–N is not a claim for exemption.