PUTNAM v. SIRAVO et al.

(Supreme Court, Appellate Division, Second Department.    October 7, 1910.)

MECHANICS' LIENS (§ 271*)—PLUMBING CONTRACT—LICENSED PLUMBER—COM-
PLAINT.

Where a complaint to foreclose a mechanic's lien for plumbing work
alleged that plaintiff agreed with defendant to perform or procure to
be performed all the labor, and furnish or procure to be furnished all
the materials, necessary for the plumbing, heating. and electric lighting
of a building, it was not fatally defective for failure to allege that
plaintiff was a duly licensed and registered plumber, since the contract
alleged required only that plaintiff should procure the performance of
the work by a duly licensed and registered plumber.

[Ed. Note.—For other cases, see Mechanics' Liens, Dec. Dig. § 271.*]

Appeal from Trial Term, Richmond County.

Action by Harry W. Putnam against Michele Siravo and another.
From a judgment dismissing the complaint as to the named defendants,
plaintiff appeals.    Reversed, and new trial granted.

Argued before WOODWARD, JENKS, THOMAS, RICH, and
CARR, JJ.

John Brooks Leavitt, for appellant.
Howard Hasbrouck, for respondents.

RICH, J.    This action is brought to foreclose a mechanic's lien.
At the opening of the case for trial, the defendants moved to dismiss
the complaint, upon the ground "that there is no allegation contained
therein that the plaintiff herein is a duly licensed and registered
plumber under the laws of the state," and on the further ground that
there is no allegation contained in the complaint that prior to the com-
mencement of the work the plans and description thereof were filed
in the department of buildings of the city of New York, or approved
by the superintendent of buildings, as required by chapter 803 of the
Laws of 1896.    The motion was granted, and from the judgment ac-
cordingly entered this appeal is taken.

The complaint alleges that the plaintiff agreed with the defendants
"to perform or procure to be performed all the labor and furnish or
procure to be furnished all the materials necessary" for such plumbing,
heating, and electric lighting.    This was the allegation of a valid con-
tract, irrespective of whether the plaintiff was a licensed and registered
plumber.    It is then alleged that plaintiff entered into a contract with
one Howarth for the performance of all the plumbing work, who did
the same, and that he was a duly licensed and authorized plumber, and
had complied with all the requirements of the laws of the state of New
York, the ordinances of the city of New York, and rules established by
the building department of said city relating to the licensing and regis-
tration of plumbers.    A lawful contract and its due performance were
stated in these allegations, and it was not necessary that the plaintiff
should allege that he himself was a duly licensed and registered
plumber.    A person may lawfully contract to procure the performance
of this class of labor, and, if he procures its performance by a duly li-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

censed and registered plumber, the fact that he himself is not licensed and registered as a plumber furnishes no defense to his action for his contract compensation. He is not an employing or master plumber, carrying on his trade, business, or calling in the city of New York, but a citizen, who has contracted to procure plumbing work to be done by a licensed and registered plumber, and his subcontract with such a plumber for the performance of such work does not bring him within the condemnation of the statute.

It is argued that the agreement, alleged by the answer and annexed as an exhibit thereto, does not contain the words "procure to be performed." This is true. The paper referred to contains no statement that any one was to do the work. It is a very indefinite memorandum, merely stating certain work and material as constituting the plumbing, electric work, and steam heating in a house being built for the defendant by John Schroll on the Richmond road, and its price and times of payment. It is in form a letter addressed to the defendant, and written upon a letterhead of "H. W. Putnam & Co.," and is signed only by that company; and this is not the contract alleged in the complaint. In addition to this, it was not before the court on the motion. The complaint was dismissed because it did not contain certain allegations, and not because there was annexed to the answer an instrument alleged by the defendant to have been the contract upon which plaintiff's right of action rested.

It follows that the complaint was erroneously dismissed, and that the judgment must be reversed, and a new trial granted; costs to abide the event. All concur.