## WEDGEWOOD v. JORGENS.

1. Contracts—Municipal Corporations—License of Architect—Recovery for Services.

   Under an ordinance of the city of Grand Rapids requiring architects engaged in business in the municipality to pay a license fee, and procure a license, upon penalties imposed, a contractor, who was unlicensed and who employed an unlicensed architect to draft defendant's plans, could not recover for the services performed, the contract being illegal and unenforceable because of failure to comply with the ordinance.

2. Municipal Corporations—Ordinances—Enforcement.

   A municipal ordinance is not invalid or unenforceable because the city officials have never seen fit to enforce it, and is binding upon persons who are subject to its provisions.

Error to Kent; Perkins, J. Submitted April 22, 1915. (Docket No. 48.) Decided March 31, 1916.

Assumpsit in justice's court by Randall M. Wedge-wood against Robert A. Jorgens for services in preparing plans and specifications for a certain building. From a judgment for plaintiff defendant appealed to the circuit court. Judgment for plaintiff. Defendant brings error. Reversed; new trial denied.

*Pleasant I. Phillips,* for appellant.

*H. Monroe Dunham* and *John M. Dunham,* for appellee.

BIRD, J.   Plaintiff brought suit in justice's court to recover the contract price for services in preparing certain plans and specifications for a building which defendant contemplated erecting in the city of Grand Rapids, but which he afterwards abandoned. The case was determined in plaintiff's favor, and afterward on appeal in the circuit court the same result was reached.

1. The trial court was requested to direct a verdict for defendant, because the architect who drew the plans did not have an architect's license to do business in the city of Grand Rapids (section 867, Ordinances of City of Grand Rapids, 1907). The ordinance referred to provides that:

"SEC. 85. Any person doing business as an architect in the city of Grand Rapids shall take out an annual license, and pay therefor an annual fee of five dollars, and shall furnish to the city of Grand Rapids a bond in the penal sum of one thousand dollars.

"And any person who shall be engaged in the planning or supervision of the erection, enlargement or alteration of buildings for others and to be constructed by other persons than himself, shall be regarded as an architect within the provisions of this ordinance, and shall be held to comply to the same.    *    *    *"

To this was attached a penalty for its violation.

It is the argument of counsel that the law will permit of no recovery in this case because the architect

who drew the plans had not complied with the foregoing ordinance. It appears to be conceded that the ordinance was in force in the city of Grand Rapids, that plaintiff was following the business of builder and contractor in that city, and that the architect who drew the plans and specifications was in plaintiff's employ, and that neither the architect nor plaintiff had taken out a license. The general rule applicable to such situation is stated as follows:

"Where a license or certificate is required by statute as a requisite to one practicing a particular profession, an agreement of a professional character without such license or certificate is illegal and void. This is true, for example, of an agreement made by an unlicensed or uncertificated physician, an attorney at law, or a school teacher. The authorities are in accord on this point where the license is required for public protection and to prevent improper persons from acting in a particular capacity, and not for revenue purposes only. In the latter cases, as we have seen, the decisions are not in accord. The same is held where a license is required for the carrying on of a particular trade or business, as in the case of a wholesale or retail liquor dealer, a stockbroker, real estate or commercial broker, a pawnbroker, a printer, a peddler, a carpenter or builder, an innkeeper, the keeper of a stallion, a public car man, a grocer, a plumber, etc. In such instances agreements made without the requisite license are generally held to be void." 9 Cyc. p. 478, and cases cited.

And this court appears to have recognized this rule and followed it in the case of *In re Reidy's Estate*, 164 Mich. 167 (129 N. W. 196). The rule also applies to the violation of an ordinance. *Buckley* v. *Humason*, 50 Minn. 195 (52 N. W. 385, 16 L. R. A. 423, 36 Am. St. Rep. 637). If the architect himself were attempting to recover for his fees in making the plans and specifications, the case would come squarely within the cases out of which the foregoing rule has grown, but it is argued that the rule does not apply to this

contract because plaintiff advised defendant that he was not an architect; that, if defendant wished, he would employ one, and in pursuance of this suggestion he turned the job over to Krieger, an architect, who was in his employ. There would be force in this argument were it not for the fact that plaintiff by his own testimony brings himself squarely within the definition of an architect as defined by the ordinance. He testified that he was a builder and contractor, and that he submitted a proposition in this case, whereby he was to oversee the construction, if the contract was awarded to another. It will be seen then that we have this situation to deal with: An architect, as defined by the ordinance, employs an unlicensed architect to prepare plans and specifications for one of his clients. Does the rule apply in such a case? We think it does. Plaintiff must have known that, as a builder, contractor, and overseer of construction, he was an architect within the meaning of the ordinance. He knew that he had no license, and he admits that he knew that Krieger, the architect who actually prepared the plans, had no license. Whether plaintiff be regarded as an unlicensed architect, or whether he be regarded as a mere contractor and builder, who knowingly employed an unlicensed architect to do the work, he is barred under the rule from recovering on the contract.

But it is said the ordinance was never enforced, and therefore plaintiff was not bound by it. The mere fact that the city officials were not in a mood to enforce the ordinance and did not enforce it does not affect its validity. It was a rule of law in the city until repealed. We are of the opinion that the general rule of law applicable to such contracts applies, and that the trial court was in error in refusing to direct a verdict for defendant in accordance with the request.

The judgment of the trial court is reversed, and no new trial granted.

Stone, C. J., and Kuhn, Ostrander, Moore, Steere, and Brooke, JJ., concurred.

The late Justice McAlvay took no part in this decision.