THOMAS F. REILLY & Co., INC., Respondent, *v.* EDWARD SCHEER, Appellant.

Supreme Court, Appellate Term, Second Department, June 19, 1925.

Contracts — action by materialman to recover for material furnished contractor building garage for defendant — plaintiff not employed by defendant — failure of plaintiff to show defendant was indebted to contractor precludes recovery — Lien Law, § 7, not applicable.

Plaintiff, a materialman, in an action to recover from the defendant for materials furnished a contractor building a garage for said defendant, is not entitled to a judgment, in the absence of proof that the defendant was indebted to said contractor, particularly where there was nothing to support plaintiff's claim that defendant employed it.

Section 7 of the Lien Law is not applicable, since that section gives a right of action only where an advance payment is made in bad faith to a contractor.

APPEAL from a judgment of the Municipal Court, Borough of Queens, Third District.

*George Dyson Friou,* for the appellant.

*Lester C. Ringe,* for the respondent.

PER CURIAM:

Judgment unanimously reversed upon the law, with thirty dollars costs to appellant, and complaint dismissed, with appropriate costs in the court below.

The complaint alleges that the plaintiff was employed by the defendant. There was no proof to support this, and the court did not submit the case to the jury on this theory. The plaintiff furnished its materials for the contractor who was to build the garage for the defendant. Therefore, the plaintiff could not recover unless the proof showed that the defendant owed the contractor money; and if the owner spent more in completing the work than the contract price, then there could be no recovery by plaintiff. (*Wexler* v. *Rust,* 144 App. Div. 296; *Dempsey* v. *Mount Sinai Hospital,* 186 id. 334.) The burden of proving that there was money due by the defendant to the contractor is upon the plaintiff. (*Grossman Bros.* v. *Rosenbaum & Dunaif Building Co., Inc.,* 83 Misc. 101.) There is no such proof in this case. The only proof is that it cost more to complete the work than the amount of the contract. The action is not brought under section 7 of the Lien Law, but if it was it would not aid the plaintiff. That section gives a right of action only where a payment is made in advance and in bad faith. (*American Clay & Cement Corp.* v. *Rochester Folding Box Co.,* 171 N. Y. Supp. 720.) And the burden of alleging

and proving this is upon the plaintiff. (*Behrer* v. *McMillan*, 114 App. Div. 450; *Rukeyser* v. *Fountain & Choate, Inc.*, 185 id. 263.) Even in such a case the fact that the owner knew, when he made the advance payment to his contractor, that the latter owed the subcontractor, does not give rise to a cause of action. There must be established, in addition, the fact that he made the payment for the purpose of defrauding the subcontractor. (*Glens Falls Portland Cement Co.* v. *Schenectady County Coal Co.*, 163 App. Div. 757.) There is no basis in this record for holding the defendant liable.

Present: Cropsey, Lazansky and MacCrate, JJ.