Hickey v. Sutton, 191 Wis. 313.

---

HICKEY and another, Respondents, vs. SUTTON, Appellant.

*October 13—November 9, 1926.*

*Licenses of architects: Recovery for services by non-licensed person: Quantum meruit: Joint plaintiffs, only one of whom is licensed.*

1. An architect not registered and licensed as required by sec. 101.31, Stats., is not entitled to recover on contract or on *quantum meruit* for services rendered; and the defense that an architect suing for services rendered is not licensed need not be pleaded. p. 315.
2. The noncompliance of one of two persons jointly rendering services as architects with the statute requiring registration and license precludes a recovery by either. p. 316.

APPEAL from a judgment of the circuit court for Milwaukee county: OTTO H. BREIDENBACH, Circuit Judge. *Reversed.*

Action by *J. S. Hickey* and *R. C. Velguth* as copartners to recover the reasonable value of services performed in preparing plans and specifications for defendant *Sutton*. From a judgment for plaintiffs, defendant appealed.

For the appellant there were briefs by *Dunn & Hirschboeck* of Milwaukee, and oral argument by *M. J. Dunn.*

For the respondents there was a brief by *Slensby & Zaidins* of Milwaukee, and oral argument by *Leo W. Slensby.*

STEVENS, J.    1. This appeal presents the single question whether the fact that neither of the plaintiffs had registered as architects as required by sec. 101.31 of the Statutes prevents them from recovering the reasonable value of services performed by them in preparing detailed plans and specifications for a residence for the defendant.

The testimony establishes the fact that plaintiffs did represent that *Mr. Velguth* was an architect. The defendant testifies that *Mr. Hickey* told him that *Mr. Velguth* was an architect. *Mr. Hickey* does not deny that he made that statement. The only denial contained in the record is made by *Mr. Velguth* that he represented himself to be an architect. Defendant makes no claim that *Mr. Velguth* made such a statement to him. The fact that the plans furnished to the defendant contained the words "architects and builders" after the names of the plaintiffs is also evidence that such representation was made. *Sherwood v. Wise,* 132 Wash. 295, 301, 232 Pac. 309.

The plans here in question are not the rough sketches that are customarily made by carpenters and builders. They are carefully prepared plans such as are customarily made by architects.

The statute "does not in express terms make the mere rendering of architectural service by one not holding a license certificate unlawful, nor does it in express terms make

a contract for such services by one not holding a license certificate unlawful and unenforceable; but the language of the act manifestly expresses the legislative intent that it shall be unlawful for one not holding a license certificate to assume the professional title of architect and as such enter into a contract to render architectural services. . . .

"Where a license or certificate is required by statute as a requisite for one practicing a particular profession, an agreement of a professional character without such license or certificate is ordinarily held illegal and void. This is true, for example, of an agreement made by an unlicensed or uncertificated physician, an attorney at law, a conveyancer, an engineer, or a school teacher. The authorities are in accord on this point, where the license is required for public protection and to prevent improper persons from acting in a particular capacity and not for revenue purposes only. . . .

"We think it needs no argument or citation of authorities to demonstrate that this statute, providing for inquiry into the learning and skill of the applicant and prescribing penalties for the assuming of the title of architect and contracting as such without a license certificate, was enacted for the protection of the public and the prevention of improper persons assuming the title of architect and contracting for services as such." *Sherwood v. Wise,* 132 Wash. 295, 300–302, 232 Pac. 309. See, also, *Wedgewood v. Jorgens,* 190 Mich. 620, 157 N. W. 360, 361.

The only conflict in the authorities with reference to the rule that the failure to procure a license bars recovery for services rendered is in those cases which consider statutes which require a license as a revenue measure and not for the protection of the public. There is no conflict in the authorities upon the rule that the failure to procure a license bars recovery where the license is exacted as a police measure for the protection of the public. Note, 30 A. L. R. 843. The rule applies with equal force whether the requirement is sought upon contract or upon *quantum meruit.* If the necessity of procuring a license could be avoided by neglect-

ing to make the contract and then recovering upon *quantum meruit,* an easy way would be found to nullify the statute.

2. It is not necessary that the pleadings should raise the question that the plaintiffs have not procured the license required.

"If objection be not made by the party charged, it is the duty of the court to make it on its own behalf. Courts owe it to public justice and to their own integrity to refuse to become parties to contracts essentially violating morality or public policy, by entertaining actions upon them. It is judicial duty always to turn a suitor upon such a contract out of court, whenever and however the character of the contract is made to appear." *Wight v. Rindskopf,* 43 Wis. 344, 348. See, also, *Jacobson v. Bentzler,* 127 Wis. 566, 569, 107 N. W. 7; *Ellis v. Frawley,* 165 Wis. 381, 383, 161 N. W. 364.

3. *Mr. Hickey's* name appeared on the plans as one of the "architects and builders." He was not registered as an architect. But even if he had not represented himself to be an architect, that fact would not change the rule. The work was performed by the plaintiffs jointly. The failure of *Mr. Velguth* to comply with the statute requiring registration bars recovery on behalf of both plaintiffs. *Payne v. Volkman,* 183 Wis. 412, 419, 198 N. W. 438.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with instructions to dismiss the plaintiffs' complaint.