ANDREWS and another, Respondents, vs. LA CROSSE RE-
FRIGERATOR CORPORATION, Appellant, and MacWILLIE,
Respondent.

*May 8—October 9, 1928.*

For the appellant there was a brief by *Lees & Bunge* of
La Crosse, and oral argument by *George W. Bunge.*

*Arthur T. Holmes* of La Crosse, for the respondents
Andrews and Baldwin.

*George H. Gordon, Law & Gordon* of La Crosse, for
the respondent MacWillie.

The following opinion was filed June 18, 1928:

ROSENBERRY, J. On March 15, 1921, plaintiffs obtained a license under the provisions of sec. 175.07 of the Statutes of 1921 (ch. 444, Laws of 1919). This is the only license the plaintiffs ever obtained. Plaintiffs began the performance of services for the defendant corporation on June 10, 1925, and on that day ch. 289 of the Laws of 1925 was passed and it was published June 13, 1925. The statute is as follows:

"Section 1. Section 175.07 of the statutes is repealed.
"Section 2. A new section is added to the statutes to be numbered and to read: 175.07 (1) No person shall act or hold himself out as a private detective, private police, or private guard, nor shall any person solicit business or perform any service in this state as a private detective, private police, or private guard or receive any fees or compensation whatever for acting as private detective, private police or private guard for any person, firm, or corporation, without first having obtained the license and filed the bond provided for in this section.

"(2) The term 'private detective' shall include among others those persons known as inside shop operatives, that is, persons who do not undertake direct employment whether in shops or otherwise with the owner of a place of employment, but who are engaged by some independent agency to operate or work in such place of employment, and to render reports of activities in such place of employment, to such independent agency, or to the owners of the place of employment under the direction of such independent agency."

The plaintiffs were paid $84.70, which much more than discharged any obligation for the three days' services rendered prior to June 13th.

The question presented here is, Can the plaintiffs recover for the services performed after the passage and publication of ch. 289 of the Laws of 1925? By the terms of the act the plaintiffs cannot recover for such services. *Hickey v.*

*Sutton,* 191 Wis. 313, 210 N. W. 704. It was argued and held in the court below that ch. 289 was invalid because it impaired plaintiffs' contract. Assuming that the plaintiffs had a contract for a term of service (a matter very much in doubt), nevertheless the provisions of ch. 289 did not impair it. The plaintiffs might have complied with the law and continued the performance of their contract. If the argument of the plaintiffs is sound, the operation of laws enacted in the exercise of the police power might be indefinitely suspended by the terms of contracts of private parties. The law seems well established and clearly applicable to the facts of this case. *Chicago, M. & St. P. R. Co. v. Milwaukee,* 97 Wis. 418, 72 N. W. 1118; *Jacob Ruppert, Inc. v. Caffey,* 251 U. S. 264, 40 Sup. Ct. 141.

Plaintiffs having failed to bring themselves within the provisions of the statute are not entitled to recover for the services rendered. We do not find it necessary to consider other questions raised in the case.

*By the Court.*—Judgment appealed from is reversed, and cause remanded with directions to dismiss the complaint.

A motion for a rehearing was denied, with $25 costs, on October 9, 1928.