Fischer, Respondent, vs. Landisch, Appellant.

*December 8, 1930—January 13, 1931.*

*Roland J. Teske* of Milwaukee, for the appellant.

*Lawrence J. Timmerman* of Milwaukee, for the respondent.

WICKHEM, J.   Sub. (1), sec. 101.31, Wisconsin Statutes, reads as follows:

"No person doing business in this state shall use the term 'architect' as a part of his business name or title or in any way represent himself to be an architect, without a certificate of registration, as provided in this section."

It is defendant's contention that plaintiff, who concededly was not a registered architect, by assuming to do work usually performed by an architect, brought himself within the operation of this section and is not entitled to recover compensation for services of an architectural character. We cannot agree with this contention.   Plaintiff did not use the term "architect" as a part of his business name or title, nor did he in any way represent himself to be an architect, nor is there any evidence tending to show that the defendant supposed him to be an architect.   The evidence is perfectly clear that defendant knew that plaintiff was a contractor and builder.

Appellant relies upon *Hickey v. Sutton,* 191 Wis. 313, 210 N. W. 704.   This case is clearly distinguishable.   In the *Hickey Case* the plaintiffs did represent that the draughtsman of the plans was an architect, and that is the circumstance which governs the case.   The court quotes with approval from *Sherwood v. Wise,* 132 Wash. 295, 232 Pac. 309.   In the *Sherwood Case* the plaintiff had represented himself to be an architect, and the court denied recovery. It was there said:

"We are not holding that an owner may not employ a builder to construct a building for him without the services

of an architect, but are only holding at this time that one who holds himself out to be and assumes the title of architect and contracts for his services as such, without being licensed as this law requires, cannot recover compensation for such services, because in so holding himself out and in so contracting he violates this law."

It is considered that the section here involved is clearly distinguishable from statutes which prohibit the rendering of services of a specified character without first obtaining a license. The evident purpose is the protection of the public from misrepresentation and deceit, and its prohibition is no broader than is called for by this purpose.

*By the Court.*—Judgment affirmed.