ADAMS and another, Appellants, vs. FEIGES, Respondent.

*November 9—December 8, 1931.*

For the appellants the cause was submitted on the briefs of *Bender, Trump, McIntyre & Freeman* of Milwaukee.

For the respondent there was a brief by *Wilbershide & Baumblatt* of Racine, and oral argument by *L. P. Baumblatt*.

Nelson, J. The plaintiffs contend that the circuit court erred in sustaining defendant's demurrer. Sec. 101.31 (1) of the Statutes is as follows:

"No person doing business in this state shall use the term 'architect' as a part of his business name or title or in any way represent himself to be an architect, without a certificate of registration, as provided in this section."

This statute clearly prohibits any person doing business in this state from using the term "architect" as a part of his business name or title or in any way representing himself to be an architect without a certificate of registration as provided in that section. It does not prohibit the performance of architectural services by one not registered as an architect.

This section was recently under consideration in *Fischer v. Landisch,* 203 Wis. 254, 234 N. W. 498. In that case a contractor not licensed as an architect was permitted to recover for architectural services. The contractor in that case had not used the term "architect" as a part of his business name or title nor had he in any way represented himself to be an architect although he had agreed to perform and had performed services which were clearly architectural in character. It was therein held that the evident purpose of the statute was the protection of the public from misrepresentation and deceit and that its prohibition is no broader than is called for by such purpose.

The court below relied upon *Hickey v. Sutton,* 191 Wis. 313, 210 N. W. 704. That case, however, very clearly does not rule this. In that case the draftsman of the plans was expressly represented to be an architect.

The defendant, however, contends that since the contract related to the performance of purely architectural services the plaintiffs impliedly represented themselves to be architects and thereby violated the following language in sec. 101.31 (1), to wit: "or in any way represent himself to be an architect." This contention we do not consider sound.

If the statute prohibited the performance of architectural services by one not licensed as an architect the complaint would no doubt be subject to demurrer.

Since the statute does not prohibit the performance of architectural services by one not a licensed architect, it therefore does not prevent recovery for such services. In the complaint herein nothing is found that suggests that the plaintiffs used the term "architect" as a part of their business name or title or in any way represented themselves to be architects, unless the mere agreement to perform the architectural services may amount to such a representation. In view of the language of the statute itself and the construction placed upon it by this court in *Fischer v. Landisch, suprä,* we must hold that the mere agreement to perform architectural services cannot in and of itself amount to a representation that one is an architect.

In this case it further appears that the plaintiffs agreed to *furnish* services consisting of necessary conferences, preparation and preliminary studies, working drawings, specifications, large-scale and full-size drawings, the drafting of forms of proposals and contracts, the keeping of accounts, and the general administration and supervision of the work. It thus appears that the plaintiffs did not agree to perform these services themselves. They agreed to "furnish" such services. The word "furnish" has been construed to mean "to supply or provide." *Delp v. Bartholomay B. Co.* 123 Pa. St. 42, 15 Atl. 871. The word "furnish" has been held not to be synonymous with "perform." *Williamson v. Hotel Melrose,* 11 S. C. 1, 96 S. E. 407, 415. To the same effect are *H. C. Browne & Co. v. John P. Sharkey Co.* 58 Oreg. 480, 115 Pac. 156, 157; *Erskine v. Erskine,* 13 N. H. 436, 443.

Defendant relies on *Wedgewood v. Jorgens,* 190 Mich. 620, 157 N. W. 360. In that case an ordinance of the city

of Grand Rapids was involved which prohibited any person from doing business as an architect in said city without an annual license. That case is not in point and has no bearing upon the controversy herein.

For the reasons stated it is held that the complaint states a cause of action and that the defendant's demurrer should have been overruled.

*By the Court.*—Order reversed, with directions to overrule defendant's demurrer to the plaintiffs' amended complaint.