## CLARK v. EADS.

No. 14436.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 23, 1942.

Clark, Craik, Burns & Weddell, of Fort Worth, for appellant.

Culbertson, Morgan, Christopher & Bailey, of Fort Worth, for appellee.

McDONALD, Chief Justice.

E. M. Eads, the plaintiff, filed this suit against Chester Clark and his wife, Dorothy L. Clark, the defendants, to recover for services alleged to have been rendered the Clarks in the preparation of plans and specifications for a proposed residence. In his first amended original petition, upon which he went to trial, plaintiff alleged that he was a graduate of the A. & M. College of Texas in Architectural Engineering and that he had practiced his trade and profession in the State of Texas as designer, draftsman, architect, engineer and engineer of buildings and structures, particularly residential structures. He further alleged, in substance, as follows: That he was contacted and visited on or about September 1, 1939, by the defendant Dorothy L. Clark with reference to drawing and preparing plans for a proposed home or residential structure. That Mrs. Clark represented to plaintiff that the defendants desired to build a house and desired to use the services and ability and experience of plaintiff with reference to preparing, designing and drafting suitable plans. That numerous conferences were held, and that many preliminary sketches, proposals and ideas were submitted by plaintiff to defendants. That plaintiff devoted his time, energies, skill and ability to drawing, drafting and preparing the plans. That it was agreed by the parties that the sum to be charged by plaintiff for his services should be three per cent of the building cost estimate to be made from the plans and specifications. That such cost estimate was $16,000, and that three per cent thereof was $480. That the sum of $150 had been paid thereon, leaving due and unpaid a balance of $330, and that said fee was due and payable thirty days after completion of the plans and delivery thereof to the defendants. Plaintiff alleged in the alternative an implied agreement to pay the reasonable value of his services, alleged to be $480. In Count Three of the petition, plaintiff alleged in the alternative a right of recovery on quantum meruit. The language of this count in part is "that the defendants consulted and advised with plaintiff in his capacity as architect, engineer, designer and draftsman consulted and advised concerning the manner and way in which such house plans and specifications were to be prepared". In Count Six plaintiff alleged "that the defendant Dorothy L. Clark consulted and advised with plaintiff in his capacity as architect, engineer, designer and draftsman".

No judgment having been rendered against Dorothy L. Clark, it is unnecessary to notice her pleadings.

Nor is it necessary to state the nature of Chester Clark's pleadings, further than to observe that his pleadings contained a general denial, and an allegation that: " * * * said alleged contract and charges made by plaintiff against this defendant in which he seeks to hold the estate of this defendant as well as the community property of this defendant and his wife, is contrary to law and wholly void, and the attempt on the part of said plaintiff to recover judgment against this defendant for said alleged fees and services should be in all things denied."

The trial court rendered judgment against Chester Clark for the alleged balance of $330, from which judgment Clark has appealed. While appellant urges several points of error, we consider that those relating to the failure of plaintiff to have a license to practice the profession of

architecture will control the disposition of the appeal, and that it is unnecessary to pass upon the other points.

In 1937 the 45th Legislature enacted the statute known as Art. 249a, Vernon's Annotated Civil Statutes, which prohibits the practice of architecture by any person not licensed by the Board of Architectural Examiners.

Plaintiff admitted that he did not have such a license. Appellant contends that the plaintiff is therefore not entitled to recover for the services alleged to have been rendered. The plaintiff contends upon this appeal that defendant's pleadings do not support this defense, and also that the evidence and the findings of the jury establish that the services performed by plaintiff come within the purview of the sixteenth numbered section of the statute, which reads in part as follows:

"Sec. 16. This Act shall not apply: * * *

"3. To any person, or firm, who prepares plans and specifications for the erection or alteration of a building, or supervises the erection or alteration of a building by or for other persons than himself, herself, or themselves, but does not in any manner represent himself, herself, or themselves to be an architect, architectural designer, or other title of profession or business using some form of the word 'architect.' "

We first consider the question of pleading.

Plaintiff urges that under Rule 94 the defense mentioned was one which could be raised only under proper affirmative pleading by defendant. Rule 94 provides that certain defenses, including illegality, must be pleaded affirmatively. Defendant urges that his plea to the effect that the contract was contrary to law, quoted in the early part of this opinion, was a sufficient compliance with the rule, although denying that Rule 94 is applicable to this case.

█ We overrule defendant's contention that the new rules of procedure have no application because the suit was filed before the effective date of the new rules. The pleadings of all parties upon which they went to trial were filed after the effective date of the new rules. The new rules are applicable to those pleadings.

█ Defendant's pleading that the contract was contrary to law was a mere conclusion, and was insufficient to raise the issue of legality, if, in the present case, it was required to be affirmatively pleaded by defendant. Collins v. English, Tex.Civ. App., 157 S.W.2d 155, and authorities there cited.

█ While the question is not entirely free from doubt in our minds, we are of opinion that in this instance the burden was upon the plaintiff, in order to recover for services rendered as an architect, if such was his suit, to plead and prove that he was a licensed architect, and the burden was not upon the defendant to plead and prove the contrary.

█ In Swift v. Kelly, 63 Tex.Civ.App. 270, 133 S.W. 901, and in Paine v. Eckhardt, Tex.Civ.App., 203 S.W. 459, it was held necessary for a physician, suing for services rendered, to allege and prove compliance with the law regulating that profession, on the ground that compliance with the law was a condition precedent to the right to practice. It is held in this state that a foreign corporation must plead and prove its permit to do business in Texas if it appears from the petition that the corporation was one of those required to have a permit and that it was transacting business in Texas. 11 Tex.Jur. 180. Since it is now the law in this state that only those who take the necessary steps to comply with the provisions of Art. 249a are allowed to practice architecture, it would appear reasonable to hold that one sues to recover for services rendered as an architect must show that he has been duly licensed, and that, under a general or special denial, the defendant could defeat the suit by showing that the plaintiff was not a licensed architect. We therefore hold that Rule 94 is not applicable to the present situation.

█ But if we be in error in our views, we are of opinion that the record before us shows that the parties by implied consent tried the issue of whether plaintiff was barred from a recovery by reason of his failure to have a license. Plaintiff made no objection to the testimony showing the lack of license on the ground that there was no pleading to support such a defense, and endeavored to establish that his services came within the exception provided by the sixteenth section of the statute, quoted above. While it is true that Rule 67 specially provides that pleadings are necessary to support the submission of any issue to the jury, it was unnecessary to sub-

mit to the jury the question of whether plaintiff had a license to practice architecture since the testimony is undisputed that he did not. See the recent case of Foxworth-Galbraith Lumber Co. v. Southwestern Contracting Corp., 165 S.W.2d 221, by this court, for an interpretation of Rule 67.

We now consider whether plaintiff's services come within the exception provided in Section 16 of Art. 249a, quoted above.

Plaintiff alleged in substance that he was an architect and that he was consulted as an architect, and he sued for services rendered as an architect. His pleadings constituted a judicial admission. Texas Law of Evidence, McCormick & Ray, pp. 632 and 640; Kirk v. Head, 137 Tex. 44, 152 S.W.2d 726. While it is recited in the statement of facts that plaintiff offered a trial amendment after both sides had rested, in which it was stated that the petition upon which he went to trial was amended by deleting therefrom all reference to architectural services, architectural designing, and all reference to plaintiff as an architect, we consider that the trial court was acting within his discretion in refusing plaintiff leave to file the same. Furthermore, the record shows no exception to such action of the court.

In the early part of his testimony plaintiff testified that he was an architect, that he had practiced this profession continuously since his graduation from A. & M. College, and that defendants consulted him as an architect. Two other architects, who were called as witnesses by the plaintiff, testified that plaintiff was an architect and had been practicing as such. One of them testified that no one but an architect could have done the work which plaintiff did for defendants. Plaintiff introduced a letter which he wrote to Mrs. Clark, in which he urged her to submit to any recognized architect the question of the reasonableness of the fee charged by plaintiff. He testified as to what was customary in the profession with regard to meeting his clients, and working with them. His mother introduced him to the defendants as an architect. After all of this, defendants' counsel asked him if he had obtained a license to practice his profession as an architect. He replied that he had not, and that he had not had occasion to need a license. He testified that he had not taken an examination before the Board of Architectural Examiners. Upon being asked if he had received a certificate from the State of Texas authorizing him to practice architecture, he replied that he had never needed one, and had received none. Defendants' counsel then asked him:

"Well, you have always held yourself out as an architect, haven't you?"

To which plaintiff replied: "Sure."

Defendants' counsel then ceased the cross-examination, whereupon plaintiff began an obvious endeavor to bring himself within Section 16, by showing that he had not held himself out to the Clarks as a licensed architect. It is not entirely clear from his testimony beginning at this point whether he was claiming that he did not represent himself to the Clarks as an architect, or whether he merely told them that he was not a licensed architect. He said that he had never signed any instrument, plans, or specifications as an architect, but that he held himself out as being qualified as an architect. Even after this he testified as to the customary procedure among architects with reference to the collection of their fees.

Both sides rested on the afternoon of January 15th. On the following morning plaintiff moved to reopen the case and present further testimony, whereupon he again took the stand. He testified that he had never used the word architecture in his business or profession, and that he had never advertised himself as an architect except that he had a degree that was worded that way. To one question he answered thus:

"I represent myself as a man who had architectural training, and who had an architectural degree, and I was known as an architect, but I never in my life stood up and told anybody that 'I am an architect'. I always explained it to them very carefully, that I was a graduate of architecture and had a license—had a degree, I mean, saying that I was a bachelor of architecture, but I didn't have a license in the State of Texas."

To another question he answered: "Well, I was represented as an architect."

He said that he explained to Mrs. Clark that he did not have a license, but was not sure whether he ever mentioned it to Mr. Clark.

Again he said: "I told her that I was able to draw plans and specifications; that I would be glad to do the same for

her; that I was a graduate of college in architecture, but that I didn't have a license, and couldn't state that I was an architect. It is a technicality."

Upon being requested to explain what he had meant by his former testimony to the effect that he had held himself out as an architect, he said: "I held myself out as an architect, as to the way they put the question, in that it was generally known that I was able to do architectural work. As I stated awhile ago I never just made the statement that 'I am an architect'. In fact it was to keep the friendship of other architects here in town, was the reason that I carefully explained that I did not have a license."

He then stated that he did not represent to Mr. and Mrs. Clark that he was engaged in the profession of architect or architectural designer.

The jury found in answer to special issues that the plaintiff did not represent himself to either of the Clarks as an architect.

■ We are aware of the rule that a jury may believe one part of the testimony of a witness or party which is in conflict with another part of his testimony, but we do not consider that this is a proper case for the application of such a rule. In the first place, we have the judicial admissions made in plaintiff's pleadings to the effect that he was an architect, and that he was consulted as such. Plaintiff endeavored to demonstrate to the jury, both by his own testimony and by that of the other architects he called as witnesses, that he was an architect and that he had rendered architectural services of good quality, until upon cross-examination he was asked if he had a license. It was only after both sides had rested, and plaintiff had moved to reopen the case, that he testified either that he was not an architect, or that if he was he never said that he was, or that if he said that he was that he explained to the Clarks that he did not have a license. We may well adopt a practical attitude toward this testimony. The only reasonable conclusion is that plaintiff either did not know that he was required to have a license, or that he considered that he could supply the lack of one by explaining to his clients that he did not have a license. According to his own testimony, he advised the Clarks and his other clients that he was a graduate in architecture, and that he could do architectural work. It would not be lawful for a doctor to practice medicine without a license upon condition that he tell his patients that he did not have a license, or for a lawyer to try cases in court upon condition that he advise the court that he did not have a license. The purpose of the statutes is to prevent the unlicensed, unauthorized practice of such professions.

■ Section 16 of the statute is patently designed to permit ordinary carpenters and contractors, and other persons who make no pretense of being architects, to draw house plans and to build or supervise the building of structures. It was not intended to permit architects who generally hold themselves out as such to practice their profession without a license simply by resorting to the expedient of explaining to their clients that they had no license.

While our statute does not appear to have been construed by the Texas courts, similar statutes have been construed in other jurisdictions. Adams v. Feiges, 206 Wis. 183, 239 N.W. 446; Fischer v. Landisch, 203 Wis. 254, 234 N.W. 498; American Store Equipment & Construction Corp. v. Jack Dempsey's Punch Bowl, 174 Misc. 436, 21 N.Y.S.2d 117 and 283 N.Y. 601, 28 N.E.2d 23; Cantrell v. Perkins, 177 Tenn. 47, 146 S.W.2d 134; Edward M. Sherwood v. Wise et al., 132 Wash. 295, 232 P. 309, 42 A.L.R. 1219; Jones v. Wickstrom, 92 Cal.App. 292, 268 P. 449; Meyer & Holler v. Bowman, 121 Cal.App. 112, 8 P.2d 936; State Board of Examiners for Architects and Engineers v. Rodgers, 167 Tenn. 374, 69 S.W. 1093; Wedgewood v. Jorgens, 190 Mich. 620, 157 N.W. 360.

■ The judgment of the trial court insofar as it is in favor of the defendant Mrs. Dorothy L. Clark is left undisturbed. The judgment of the trial court insofar as it is against the defendant Chester Clark is reversed, and judgment is here rendered that plaintiff take nothing by his suit.