LYTLE, Appellant, vs. GODFIRNON, Respondent.

*November 10—December 8, 1942.*

For the appellant the cause was submitted on the brief of *William L. Crow,* attorney, and *Edgar Victor Werner* of counsel, both of Appleton.

For the respondent there was a brief by *Bradford & Derber* of Appleton, and oral argument by *Alfred S. Bradford.*

FAIRCHILD, J. The trial court granted the defendant's motion for nonsuit, basing its decision on the fact that plaintiff, though not an architect, held himself out as such and therefore under the rule of *Hickey v. Sutton,* 191 Wis. 313, 210 N. W. 704, could not recover for the services rendered.

We are of the opinion that the trial court erred under sec. 101.31, Stats., as it now stands in the view it took of the facts as shown in plaintiff's evidence and that as a result the nonsuit was erroneously granted. The evidence introduced does not show without dispute that plaintiff held himself out to be an architect, that defendant relied upon this representation and that all the services rendered were such as could be performed only by an architect. Neither is it conclusively shown that such portions of the work as could be handled properly only by an architect were not under the supervision and control of George Smith, a registered architect. Conflicting inferences can be drawn from the testimony. If plaintiff's testimony be believed, he may be entitled to recover, and this being so, the defendant should have been required to come forward with evidence that services which could legally be charged for were not rendered.

The case comes down to the construction of sec. 101.31 (6), Stats., which provides that a firm or copartnership, etc., may engage in the practice of architecture or professional engineering provided such practice is carried out "under the responsible direction" of one or more responsible architects or professional engineers, and that plans, sheets of design, and specifications shall carry the signature of the registered architect or registered professional engineer who is in charge. We are here dealing with a very narrow question, whether on a motion for nonsuit there is a *prima facie* showing that plaintiff had in his employ at the time of the contract a registered architect who performed the architectural services.

If, after hearing all of the evidence, the trial court concludes that plaintiff did himself perform services which he could not lawfully perform without a license, then he cannot recover. If, on the other hand, the evidence shows that plaintiff only agreed to *furnish* architectural services, as in *Adams v. Feiges,* 206 Wis. 183, 239 N. W. 446, and if he handled the business end of the transaction while leaving the archi-

tectural part to a registered architect, if the evidence tends to show that the plaintiff acted as a builder and that the plans were actually prepared by a registered architect in the employ of plaintiff, and that the defendant was sufficiently advised of the relation existing between all concerned, then the plaintiff would be entitled to recover. See *Wahlstrom v. Hill,* 213 Wis. 533, 252 N. W. 339.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law.