■ A.C. GREEN ELECTRICAL CONTRACTORS, INC., Appellant, v JOHNNY SAU LIONG FU et al., Respondents, et al., Defendants. [658 NYS2d 602] —Order of the Supreme Court, New York County (Stuart Cohen, J.), entered October 18, 1995, which denied plaintiff's motion for summary judgment, is unanimously affirmed, without costs or disbursements. Order of the same court and Justice, entered June 21, 1996, which granted the defendants-respondents' motion for summary judgment dismissing the complaint against them and discharging the mechanic's lien filed by plaintiff against their property, is unanimously reversed, on the law, without costs or disbursements, and the motion for summary judgment denied.

The complaint herein alleges that between September 1987 and March 1990, plaintiff, an electrical subcontractor, agreed with the contractor SMG and 219 East 12th Street Associates, the pre-conversion owner of the premises, to install new electrical wiring and equipment in the subject premises. The defendants, as an inducement to the prospective buyers, the defendants-respondents, issued change orders to plaintiff providing for custom upgrades to the electrical service for each of the six individual units. Sometime in the fall of 1988, SMG stopped payments to all subcontractors, including plaintiff, and some months later asked plaintiff to resume its work promising that forthcoming sales of the units would generate enough cash to pay all subcontractors. On February 15, 1989, the Declaration of Condominium was filed and in May to June of 1989, five of the six units were sold to the individual defendants-respondents. Plaintiff completed all its work in February-March 1990 and, after inspections were completed and payment was not forthcoming, filed, on April 24, 1990, mechanics' liens against the premises and, on April 16, 1992, received an extension of such liens.

Plaintiff's motion for summary judgment against the individual defendants was properly denied by the IAS Court. In order to obtain summary judgment, it was necessary for plaintiff to establish that it completed the SMG work in February and March of 1990, and thereby timely filed its notices of mechanics' liens on April 24, 1990, pursuant to Lien Law § 10. In opposition, the individual defendants submitted affidavits stating

that they were the owners of the units in February and March 1990 and that plaintiff did not have access to the premises and, therefore, did no work at that time. This raised an issue of fact concerning when plaintiff's work was completed. Further, the IAS Court properly denied the motion on the ground that plaintiff failed to conclusively establish that there was an indebtedness due to the general contractor SMG by the owner-defendant, Associates (*Wexler v Rust*, 144 App Div 296).

However, we find that the IAS Court erred in granting the motion by defendants-respondents for summary judgment. Initially, we note that the court followed the "Condominium Act" (Real Property Law art 9-B) in granting the motion. Section 339-*l* of the Real Property Law provides, in pertinent part:

"1. Subsequent to recording the declaration and while the property remains subject to this article, no lien of any nature shall thereafter arise or be created against the common elements except with the unanimous consent of the unit owners. During such period, liens may arise or be created only against the several units and their respective common interests.

"2. Labor performed on or materials furnished to a unit shall not be the basis for the filing of a lien pursuant to article two of the lien law against the unit of any unit owner not expressly consenting to or requesting the same, except in the case of emergency repairs".

If we were to mechanistically apply the law set forth above, as did the IAS Court, then summary judgment was properly granted to the individual unit owners, since there is no dispute that the liens were filed *after* the Declaration of Condominium for the Premises was filed, and there appears to be no documentary proof that the individual unit owners expressly consented to or requested the labor performed by the plaintiff (*see, Matter of Country Vil. Hgts. Condominium*, 79 Misc 2d 1088). However, it is alleged that the work performed herein was done both before and after the Declaration of Condominium and before and after the individual owners purchased their units. Moreover, the plaintiff herein has raised an issue of fact as to whether the individual unit owners were so allied with the defendant Associates that the defendant Associates could still be considered the fee owner. Thus, plaintiff asserts that all or most of the unit owners were partners of Associates and took title to the units before construction was finished, with temporary certificates of occupancy. Also, it appears that when the liens were filed, defendant Associates owned the ground floor apartment *and* the common elements. Indeed, in 1993, the individual defendants expressly acknowledged that

Associates was still the record owner of the common elements and claimed equitable title to them. While the individual defendants expressly deny that all the individual defendants are partners of Associates, this simply raises an issue of fact. The situation before us is analogous to that in *United Bhd. of Carpenters & Joiners v Nyack Waterfront Assocs.* (182 AD2d 16), where a contractor's mechanic's lien was found invalid as to the initial completed phase of the project but found valid as to *the project owner's retained lands.* Here, the Condominium developer retained ownership of an individual unit *and* the common elements at the time the liens were filed by plaintiff. Moreover, as noted, an issue was raised whether the individual owners were "alter egos" of the project owner, and, thus, not intended to be protected by the Condominium Act. Concur—Milonas, J. P., Ellerin, Nardelli, Williams and Mazzarelli, JJ.